HEYMAN v. HEYMAN.

(Supreme Court, Appellate Division, First Department.   May 10, 1907.)

1. DIVORCE—SEPARATION—WILLFUL ABANDONMENT.

A single night's absence by a husband from his. home. which was fur-
nished, in which his wife and child were being supported, and for which
the rent was fully paid for the current month, did not justify the wife in
leaving the home and commencing an action for separation solely on the
charge of willful abandonment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 109,
111.]

2. SAME.

The term "abandonment," as used in the law of divorce, contemplates a
voluntary separation of one party from the other without justification and
with the intention of not returning.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 109,
111.]

3. SAME—ALIMONY—GROUNDS.

Where a wife brings an action for separation, in order to entitle her to
an order for the payment of alimony, she must present to the court
some evidence tending to show that there is reasonable ground for com-
mencing the action and reasonable probability that she will succeed in
establishing her charges.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 613,
614, 617.]

Appeal from Special Term.

Action by Celia Heyman against Adolph Heyman. From an or-
der granting counsel fee and alimony pendente lite, defendant appeals.
Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Alexander Rosenbaum (Joseph Fischer, of counsel), for appellant.
Isaac Josephson, for respondent.

CLARKE, J.   This is an appeal from an order of the Special Term
awarding to the plaintiff a counsel fee of $50 and alimony pendente
lite at the rate of $10 per week.   The action is brought for a separa-
tion on the ground of the alleged abandonment of the plaintiff by the
defendant.   The summons was dated September 17, 1906, and was
served on the 18th of September.   The complaint was verified on the
8th day of November, and alleges that the plaintiff has always con-
ducted herself toward the said defendant as a faithful and obedient
wife, but that the defendant, disregarding his duty as a husband and
without the plaintiff's consent, has been willfully and continually absent
from the plaintiff's home for upwards of two months and with the
intention not to return.   In her moving affidavit the plaintiff alleges:

"That in the early part of September, 1906, the defendant abandoned the
plaintiff, and that the defendant ceased to provide for the support of the de-
ponent or the support of the child."

It appears that the defendant is a butcher by trade; that on the
16th of September, 1906, he left his home at about 9 a. m. to attend
to business as usual; that on the evening of that day he had to de-

liver some meats and make collections at Coney Island; that he was detained and did not get back to the borough of Manhattan until 1:30 in the morning; and that, as he had to go to market at 3 o'clock in the morning, he did not go home. Upon this one night's absence from the house, incident to the prosecution of the defendant's business, the plaintiff, upon the next day, sought a lawyer and issued a summons. On the 17th the defendant was also kept downtown by the exigencies of his business, but on the 18th returned home to the flat for which he had paid the rent for the month of September, to find the flat vacant, his wife and child missing, and all the furniture and household effects removed. Although the summons was issued after one night's absence from home, by delaying the verification of the complaint until the 8th day of November, the plaintiff was enabled to allege that the defendant has been willfully and continuously absent from the plaintiff's home for upwards of two months. This action is brought solely for abandonment. The defendant denies any intention of abandoning his wife and child, has sought to have her return to him, and on various occasions and in writing had urged her return and offered her a home.

It cannot be that a single night's absence from a home for which the rent was fully paid for the current month, which was furnished, and in which the wife and child were being supported can justify the wife in the leaving of that home so provided by the husband and the commencement of an action for separation based solely upon the charge of willful abandonment. The term "abandonment," as used in the law of divorce, contemplates a voluntary separation of one party from the other without justification and with the intention of not returning. Williams v. Williams, 130 N. Y. 193, 29 N. E. 98, 14 L. R. A. 220, 27 Am. St. Rep. 517. There was nothing before the court to establish either the voluntary separation of the defendant from the plaintiff or an intention upon his part of not returning. "An allegation of abandonment generally, and of neglect or refusal to support, * * * is not sufficient whereon to found a motion for alimony, where it is denied. The applicant is bound to set forth the facts and circumstances which constitute the supposed abandonment, in order to enable the court to decide whether it ever occurred." Boubon v. Boubon, 26 N. Y. Super. Ct. (3 Rob.) 715. There is nothing to show any neglect or refusal to support the plaintiff up to the moment that she herself left the home provided for her. Where a wife brings an action for separation, in order to entitle her to an order for the payment of alimony, she must present to the court some evidence tending to show that there is reasonable ground for her commencing the action and that there is reasonable probability that she will succeed in establishing her charges.

As she has entirely failed to meet this obligation, she was not entitled to the relief granted, and the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.