MACY RAY DONOHUE, Respondent, v. JOHN S. DONOHUE, Appellant.

Second Department, December 7, 1917.

**Husband and wife — action for separation — evidence not justifying decree — quarrels unaccompanied by physical violence — evidence insufficient to establish venereal disease — family quarrels no ground for decree of separation.**

Action for separation. Evidence examined, and *held*, insufficient to establish cruel and inhuman treatment, or conduct by the defendant which rendered cohabitation unsafe and improper, and that a judgment for the plaintiff should be reversed.

Mere angry outbursts of the defendant incident to a war of words with his wife, unaccompanied by any act of physical violence, are not sufficient to justify a decree of separation, nor, under the circumstances, is the plaintiff's apprehension of physical violence established by her own testimony; it must appear that there was reason for her apprehension.

Cruel and inhuman treatment, and such conduct of a defendant as may render cohabitation unsafe and improper, mean substantially the same thing.

A claim that the defendant contracted after marriage a venereal disease, which is denied by him, is not established by the testimony of the plaintiff to an alleged confession of the defendant when there is no corroboration of the testimony by any of the surrounding circumstances.

The mere fact that husband and wife cannot live together in peace and comfort does not justify the court in rendering a decree of separation which will stigmatize the man as a cruel and inhuman husband.

APPEAL by the defendant, John S. Donohue, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 13th day of January, 1917, upon the decision of the court after a trial at the Westchester Special Term, granting a separation to the plaintiff, and giving her custody of the child of the parties.

*James A. Turley,* for the appellant.

*Albert C. Jordan,* for the respondent.

JENKS, P. J.:

I think that the judgment should not stand. The plaintiff did not attempt to prove actual violence endangering

life, limb or health; indeed, her own testimony was that the defendant never laid his hand upon her. The alleged casting of her headgear in plaintiff's face could not be magnified into such violence, and this is the only physical act charged against the defendant. The proof did not justify the conclusion that plaintiff had any reasonable apprehension of the violence contemplated by the statute. For even if we believe the plaintiff's testimony that the defendant made threats, they were angry outbursts incident to wars of words, and their emptiness is shown from the absence of any testimony of even an attempt to carry them out. Under such circumstances, it is not enough that the plaintiff testify as to her apprehension, but it must appear that there was reason for it. I said for the court in *Barber* v. *Barber* (168 App. Div. 212): " But the conduct contemplated by subdivisions 1 and 2 of section 1762 of the Code of Civil Procedure is that which affects the safety and propriety of cohabitation. I think that there should apply in this case the definition adopted and approved by Church, Ch. J., in *Kennedy* v. *Kennedy* (73 N. Y. 369) as ' concise and comprehensive,' namely: ' There must be either actual violence committed with danger to life, limb or health, or there must be a reasonable apprehension of such violence.' (See, too, *Lockwood* v. *Lockwood*, 2 Curt. Ecc. 281, Dr. Lushington; *Ford* v. *Ford*, 104 Mass. 198.) Although the statute subdivides cruel and inhuman treatment, and conduct as may render cohabitation unsafe and improper, yet Kent in his Commentaries (Vol. 2 [14th ed.], p. *126), in discussion of a similar statute, says that probably the word ' unsafe ' may mean the same thing as the reasonable apprehension of bodily hurt in the English cases. And the vice-chancellor in *Mason* v. *Mason* (1 Edw. Ch. 291) notes this view of Kent and expresses the court's inability to distinguish cruel and inhuman treatment from conduct that is unsafe and improper. (See *De Meli* v. *De Meli*, 67 How. Pr. 27, and authorities cited.) "

The charge of venereal disease contracted after marriage was supported by the testimony of the plaintiff alone, without even the corroboration of surrounding circumstances, such as association with lewd women and visits to disreputable places. Moreover, the testimony of the plaintiff is confined to alleged

admissions to her by the defendant, almost, if not quite, the weakest kind of evidence. The defendant testified in absolute denial of the charge and of the admissions. The proof was not sufficient. (*Mount* v. *Mount*, 15 N. J. Eq. 162.) Doubtless there were bickerings and angry words, and a practical separation at times from bed and board, although under the same roof. The record indicates that the wife by her conduct and her words frequently provoked the wrangles, and that she was not slow to constitute the number required to make a quarrel. I am far from saying that the defendant was without blame, but I do say that there is not sufficient proof to justify the plaintiff's invocation of the statute that provides for a limited divorce. I think that as a witness she was prone to exaggeration, for some of her statements are incredible in view of testimony that should be credited. And I am mindful that the family physician called by her testifies that she suffers from nervous irritability. It may be that this man and woman cannot live together in peace or comfort, but that circumstance does not justify the court to decree a judicial separation that must stigmatize the man as a cruel and inhuman husband.

The judgment is reversed and a new trial is granted, costs to abide the final award of costs. The following findings of fact are reversed: 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 16, 19, 20.

THOMAS, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the final award of costs. The following findings of fact are reversed: 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 16, 19 and 20.