ANNA UMBACH, Respondent, *v.* JULIUS UMBACH, Appellant.

Second Department, June 21, 1918.

**Husband and wife — separation — evidence not justifying decree.**

Action brought by a wife against her husband to obtain a decree of separation from bed and board. Evidence examined, and *held*, insufficient to support a decree of separation.

While married persons may voluntarily separate if they wish to do so, they can obtain a decree of separation only for the causes specified in the statute, which does not include incompatibility of temper leading to domestic quarrels.

APPEAL by the defendant, Julius Umbach, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 30th day of November, 1917, upon the decision of the court after a trial at the Queens County Special Term.

The judgment granted plaintiff a separation from the bed and board of the defendant and awarded to her alimony at the rate of ten dollars a week.

*Luke D. Stapleton* [*S. Goodelman* with him on the brief], for the appellant.

*Francis E. Carberry* [*James D. Clifford* with him on the brief], for the respondent.

BLACKMAR, J.:

If a married couple, through infirmities of temper leading to continual bickering, altercations and nagging, cannot and do not wish to live together, the door is open for them to separate. But a separation by judgment of this court, which relieves the wife from all marital obligations except chastity and continues the husband's obligation to support, can be obtained only for the causes specified in the statute, and these are cruel and inhuman treatment, or such conduct on the part of the defendant towards the plaintiff as renders it unsafe and improper for the former to cohabit with the latter, or abandonment, or, when the wife is plaintiff, the neglect or refusal of the defendant to provide for her. (Code Civ. Proc. § 1762 *et seq.*) However impossible it may appear to reconcile the parties, however improbable that they can ever live together with comfort, yet a decree cannot be pronounced unless one or more of the statutory causes is established by evidence. Squabbles, wordy altercations, unkind and exasperating or even insulting words used in the heat of passion fanned by bickerings, do not constitute cruel and inhuman treatment. Unfortunately for our weak nature, these things are very human. Nor do these things constitute conduct which renders it unsafe or improper to live together. Incompatibility of temper is not a cause either for divorce or separation under our law. The view of this court on this subject, which we still entertain, has been recently set forth in *Donohue* v. *Donohue* (180 App. Div. 561).

We find no evidence in this record of cruel and inhuman treatment of either party by the other, or of such conduct on the part of either as renders it unsafe or improper for

them to cohabit. In fact, as both parties testified, their continual altercations and wordy quarrels were 'caused by d'sputes over money. The findings of fact, insufficient as they are to support the conclusions of law, are not justified by the evidence. For example, the statement made by the husband as part of passionate mutual reproaches, that the wife had robbed him of his home, does not support the finding of fact that he, without just cause or provocation, accused her of robbing his children of their property.

The parties were married on November 16, 1916. Quarrels began in the following spring. About the first of June the plaintiff left her husband's bed. On June seventh she refused to cook further for him. On August tenth, while still living in the same house, the summons in the action was issued. The complaint was verified on August eleventh, and on September fifth plaintiff drove both the husband and his son from the house.

The only question of any substance in the case is whether the husband refused or neglected to provide for the wife. The wife, when she married, was about forty-three years of age, with three adult children. She had real property which brought her an income of forty-two dollars a month. She had been a matron of a police station house and afterwards in some capacity employed by the government. The husband was about fifty-four years of age, and had two grown sons. He had from his former wife two parcels of real property, which, before his remarriage, he had conveyed to his eldest son, although he continued to collect the rents. The parties purchased a house, toward which the plaintiff paid two thousand two hundred dollars and the husband seven hundred dollars, and went to live there together with two children of the plaintiff, who each paid to the mother five dollars a week for board. Until the spring of the year following the marriage, the husband purchased the greater part of the supplies for the house; then, in the presence of a mutual friend, it was agreed that he should give his wife fifty dollars per month. Defendant accordingly gave her fifty dollars on March fifteenth, fifty dollars on April fifteenth, and fifty dollars on May fifteenth. On June seventh she demanded

more money, the defendant refused, and the wife refused to cook for him any longer. Meanwhile defendant's son, Julius, Jr., came to live with him, much against the will of plaintiff. From that time on there seems to have been no peace, nor even a truce from the wordy war, in the house. On this record we find no neglect or refusal to provide for the wife, such as is contemplated by the Code. The plaintiff and defendant evidently had different ideas as to domestic economy. But the evidence does not disclose that the husband did not make reasonable provision for the wife according to his means. In these sordid and squalid squabbles, the wife, ably supported by her son, seems to have been able to hold her own, and at last succeeded in driving the husband from the house for which he had partially paid. We do not think that any statute requires the domestic exile to support the wife while living apart with her own family.

The judgment should be reversed, and the findings of fact, except the first, and all the conclusions of law, reversed. This court finds that neither party has been guilty of cruel and inhuman treatment of the other, nor of such conduct as makes it unsafe or improper to live together, nor has the defendant neglected or refused to provide for the plaintiff. Judgment is directed dismissing both the complaint and counterclaim, without costs.

JENKS, P. J., concurred; MILLS, PUTNAM and KELLY, JJ., concurred in the result.

Judgment reversed, and the findings of fact, except the first, and all the conclusions of law, reversed. This court finds that neither party has been guilty of cruel and inhuman treatment of the other, nor of such conduct as makes it unsafe or improper to live together, nor has the defendant neglected or refused to provide for the plaintiff. Judgment is directed dismissing both the complaint and counterclaim, without costs.