CELIA A. DE VIDE, Respondent, *v.* ALFRED DE VIDE, Appellant.

First Department, March 7, 1919.

**Husband and wife — separation — when motion for alimony and counsel fees granted — practice of granting such motions almost as matter of course, condemned — cruel and inhuman treatment — abandonment.**

A wife, in an action brought by her for a separation, should not be granted an allowance for alimony and counsel fees, unless it appears that she has reasonable grounds for bringing the action, and that there is a reasonable probability that she will succeed. The facts and circumstances presented upon such a motion should, with a reasonable degree of certainty, point to a successful termination of the litigation in favor of the wife.

The inclination and tendency of courts to regard with favor motions for alimony and counsel fees for the benefit of and upon the motion of the wife in matrimonial actions, and the granting of such motions almost as a matter of course, without regard to the meritoriousness of the wife's position in the litigation, condemned.

In an action by a wife for a separation upon the ground of cruel and inhuman treatment and abandonment, pleadings and affidavits presented upon a motion for alimony and counsel fees examined, and *held*, insufficient to establish that the plaintiff had a just cause for commencing her action or that she has any reasonable probability of succeeding therein, and that, therefore, an order granting her motion should be reversed and the motion denied.

Where, in an action for separation, the sole claim of violence of the defendant toward the plaintiff and the only specific act of misconduct alleged is that the defendant threw a pair of shoes at his wife, which, however, did not strike her, a decree of separation should not be granted even though such allegation be not denied.

To justify a wife in seeking the court's intervention upon the ground of cruel and inhuman treatment, she should show *facts* from which it fairly appears that she would have reasonable ground to apprehend violence by a continuance of her marriage relations with the defendant.

APPEAL by the defendant, Alfred De Vide, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of December, 1918, directing the defendant to pay plaintiff $50 per week as alimony and $150 as counsel fee.

*Nathaniel Cohen* of counsel [*Hyman Turchin,* attorney], for the appellant.

*Manton Marks,* for the respondent.

MERRELL, J.:

This action is brought by the plaintiff to obtain a decree of separation from the defendant, her husband, by reason of the alleged cruel and inhuman treatment of the plaintiff by defendant, and by reason of defendant's having abandoned and failed to support plaintiff.

By the answer of the defendant the alleged cruelty and abandonment are denied.

An order has been made at Special Term, upon motion of plaintiff, directing defendant to pay plaintiff the sum of $50 each week as alimony for the support and mainte-nance of plaintiff during the pendency of the action, and that defendant pay to the plaintiff's counsel the sum of $150 as counsel fee herein. From such order defendant has appealed, and asks a reversal thereof upon the ground that it does not satisfactorily appear that plaintiff will probably succeed in her action, and that the amounts allowed to her for alimony and counsel fees are excessive.

The law is well settled that where a wife brings an action for a separation, before she can properly be granted an allow-ance by way of alimony and counsel fees, it must appear that she has reasonable ground for bringing suit, and that there is a reasonable probability that she will succeed in maintaining her action. This has been the law of the State for many years and the courts have quite uniformly insisted

as a prerequisite to granting alimony and counsel fees to a complaining wife in an action for separation that the facts and circumstances presented upon such application should with a reasonable degree of certainty point to a successful termination of the litigation in favor of the wife. (*Bissell* v. *Bissell,* 1 Barb. 430; *Worden* v. *Worden,* 3 Edw. Ch. 387; *Desbrough* v. *Desbrough,* 29 Hun, 592; *Douglas* v. *Douglas,* 13 Abb. Pr. [N. S.] 291; *Heyman* v. *Heyman,* 119 App. Div. 182, 184.) In the latter case Mr. Justice CLARKE said: " Where a wife brings an action for separation in order to entitle her to an order for the payment of alimony, she must present to the court some evidence tending to show that there is reasonable ground for her commencing the action and that there is reasonable probability that she will succeed in establishing her charges."

Notwithstanding such well-settled rule of practice, there seems to be an inclination and a tendency of courts to regard with favor applications for alimony and counsel fees for the benefit of and upon the application of the wife in matrimonial actions. Frequently, almost as a matter of course, without regard to the meritoriousness of the wife's position in the litigation, allowances are made to the wife upon the mere asking. Such practice is to be condemned, and an allowance should never be made unless it appears that the action is founded upon good cause, and that there is reasonable ground to believe that the party asking the allowance will succeed in the litigation.

To my mind the pleadings and affidavits used in connection with the application in the instant case not only fail to show any reasonable ground for bringing action on the wife's part, but it is very doubtful if she will be able to succeed in obtaining the relief which she seeks. The plaintiff's complaint is most general and vague in its allegations of improper conduct on the part of the defendant. The complaint consists of a mass of conclusions that the defendant has treated the plaintiff during their married life in a cruel and inhuman manner, and that the conduct of the defendant toward the plaintiff is such as to render it unsafe and improper for the plaintiff to cohabit with the defendant. The plaintiff alleges and reiterates that the defendant during their married life

was quarrelsome and was in the habit of constantly using vile and indecent language toward the plaintiff, but the nature of such language is entirely withheld by any allegations of the complaint or statements of the affidavit in support of plaintiff's application for alimony and counsel fee. The complaint contains an allegation that the defendant has abandoned the plaintiff, but the facts as disclosed by the affidavits clearly show that so far as any abandonment was concerned, it was on the part of the plaintiff rather than the defendant. The affidavits show that the defendant is a traveling salesman, and since the marriage of the parties in the year 1916, supported and maintained the plaintiff so long as she remained an inmate of defendant's household; that while the defendant was absent upon a business trip the plaintiff packed up the household goods of the parties, placed them in storage, deserted her home, and went to live in a hotel in the city; that up to the time plaintiff left her home and even thereafter defendant was accustomed to furnish her with weekly allowances sufficient for her maintenance, and appears only to have stopped such allowances when defendant learned that plaintiff had left the home and had taken up her residence elsewhere. It appears from the papers on the application and from statements made upon the argument of this appeal that while the parties were married in 1916, they had known each other for twelve or fourteen years prior to their marriage, and for some years prior to such marriage they had lived together as husband and wife. In her moving affidavit the plaintiff avers that all through their married relations the defendant had been abusive and had used to and in the presence of the plaintiff language which plaintiff is pleased to characterize as vile and abusive, but fails anywhere to state the nature of the abuse or the language of which she complains. Notwithstanding such claim of improper conduct on defendant's part, plaintiff alleges that their relations were more or less amicable until August 31, 1918, when on an occasion at Point Pleasant, N. J., where the plaintiff was spending her summer vacation, and where the defendant had joined her to spend Sunday, he threw a pair of shoes at her, which, however, did not strike

her, and that since said date the plaintiff had not seen the defendant. Said incident is the sole claim of violence of defendant toward plaintiff and is the only specific act of misconduct alleged by plaintiff. Defendant denies the occurrence of the alleged act of violence, but, even if undenied, we do not think that one incident alone would justify the granting of a decree of separation. Nothing appears from the papers upon plaintiff's application to justify her asking a decree of separation by reason of abandonment or cruel or inhuman treatment or neglect or refusal to support. Plaintiff is, therefore, relegated to a claim that there has been " such conduct, on the part of the defendant towards the plaintiff, as may render it unsafe and improper for the former to cohabit with the latter." (Code Civ. Proc. § 1762, subd. 2.) I do not think from the one isolated instance of alleged violence which the plaintiff specifies that she had any reasonable cause to apprehend such violence as would render it unsafe and improper for the defendant to cohabit with her. To justify the plaintiff in seeking the court's intervention she should show *facts* from which it fairly appears that plaintiff would have reasonable ground to apprehend violence by a continuance of her marriage relations with the defendant. (*Donohue* v. *Donohue,* 180 App. Div. 561; *McBride* v. *McBride,* 31 N. Y. St. Repr. 631.) In *Kennedy* v. *Kennedy* (73 N. Y. 369, 374) Chief Judge Church approves as " concise and comprehensive " the rule enunciated in 1 Bishop on Marriage and Divorce, *717, note 4, as follows: " There must be either actual violence committed attended with danger to life, limb or health, or there must be a reasonable apprehension of such violence." The plaintiff has failed to make such a case.

The evidence shows that soon after the incident mentioned the defendant went upon his business trip, but continued to supply plaintiff with money for her maintenance. At least once thereafter plaintiff acknowledged by letter, with thanks, the receipt of a check from defendant, and the plaintiff concedes that the defendant, for several weeks thereafter and until she left his home, continued to furnish her with money for her support. The wholesale allegations con-

* See 5th ed.— [Rep.

tained in plaintiff's complaint and affidavit of uniformly abusive conduct of defendant toward plaintiff all through their married life is belied by several letters produced upon the motion and annexed to the affidavit of the defendant. These letters were written by plaintiff to defendant during the summer of 1918, but a few weeks prior to plaintiff's leaving defendant's home. The letters, four in number, are couched in affectionate terms and indicate that the relations between the parties were far from unpleasant. The letters throw some light upon the alleged nervous condition which plaintiff claims to have suffered by reason of defendant's cruel treatment. Reference is frequently made to the habit of the plaintiff to use intoxicants, and in one she assures the defendant that he need not worry about her drinking as she knew what she had gone through before and, apparently referring to the results of her indiscretions, stated that she " would rather be dead than have another winter like that again." The letters contain every indication that the life led by plaintiff was far from puritanical, and all of the correspondence negatives plaintiff's claim that her married life with the defendant was other than pleasant and congenial. Plaintiff alleges that she suffered great humiliation from defendant's words and abuse, the same having been uttered in the presence of the maid who served the parties. The affidavit of this maid is produced in opposition to plaintiff's application, and she avers that, during the four years of her employment by the parties, the treatment of the plaintiff by defendant was uniformly kind and courteous, and that the defendant never used any vile or indecent language toward his wife, and never applied vile or indecent names to her, and that defendant had always treated the plaintiff in a kind and affectionate manner.

The defendant denies absolutely all allegations of the plaintiff as to his improper conduct toward her.

The papers upon which the order was granted fail to show that the plaintiff had just cause for commencing her action, and we are of the opinion that the plaintiff has failed to show any reasonable probability that she will succeed in obtaining the relief which she seeks.

The motion for counsel fee and alimony should have been

denied at Special Term, and the order granting the plaintiff such counsel fee and alimony should be reversed, and the motion denied.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed and motion denied.