ANNA DOMB, Respondent, *v.* LOUIS DOMB, Appellant.

First Department, February 4, 1921.

**Husband and wife — separation — abandonment — decree in favor of wife not granted where wife deserts husband without justification — alimony and counsel fees denied.**

The undisputed facts disclose, not an abandonment on the part of the husband, but a refusal on the wife's part, without legal justification, to live with her husband.

An abandonment which entitles a spouse to a decree of separation must be one which contemplates a voluntary separation of one party from the other without justification, with the intention of not returning.

A wife is not entitled to alimony *pendente lite* and counsel fees where she fails to present to the court any evidence that there is a reasonable ground for commencing the action and that there is a reasonable probability that she will succeed.

APPEAL by the defendant, Louis Domb, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of December, 1920, granting plaintiff alimony *pendente lite* at the rate of $35 per week and counsel fee of $150.

*Louis S. Schwartz* of counsel [*Max D. Steuer*, attorney], for the appellant.

*Nathan Burkan*, for the respondent.

GREENBAUM, J.:

The action is brought for a separation on the alleged ground that the defendant abandoned the plaintiff and failed to support her.

The parties were married on August 22, 1920. Thereafter they took up their abode at a hotel in Arverne, L. I., with the intention of remaining there for a few weeks. On September eighteenth they looked for apartments in the city of New York, on which occasion a quarrel arose between them because defendant, according to plaintiff's version, would not hire any of the apartments which the plaintiff preferred because he thought that they were either too expensive or too far uptown. As a result of the quarrel, the plaintiff refused to return to Arverne with her husband. He nevertheless returned to the hotel every evening at the usual hour until September twenty-fourth. Owing to the fact that he could not get in touch with his wife and that the hotel was shortly to close he packed up his belongings and returned to the city. On September twenty-fifth her counsel wrote to the defendant threatening him with legal proceedings unless he provided her with a habitation suitable to their station in life and he incidentally referred to the fact that defendant had deserted his wife. Defendant caused a reply to be sent to plaintiff's attorney stating that there was no necessity for legal proceedings as " this is probably the first little trouble they have had " and further explaining that owing to the existing housing conditions there was difficulty in readily securing a suitable apartment at a reasonable rental. The letter closed with the request for his wife's address. No reply having been received to this letter, another letter was written on October ninth to plaintiff's attorney stating that defendant was desirous of having his wife return and that he would provide her with a house suitable to their station in life. The reply to that letter was the commencement of this action on October fourteenth.

The undisputed facts disclose, not an abandonment on the part of the defendant, but a refusal on the plaintiff's part to live with her husband. There was no legal justification on the part of the plaintiff to refuse to return to their hotel on account of the happenings of September eighteenth. If every

quarrel or misunderstanding between married couples would constitute a legal ground for separation, then enough courts to adjust such marital disturbances could not be provided.

Without expressing an opinion as to which of the parties provoked the quarrel, it is in all likelihood the fact that both spoke and acted rashly and imprudently and that their differences would have been eventually composed by the exercise of mutual forbearance. There is no reason to suppose that the parties cannot amicably resume their marital relations.

In any event, the case is barren of any facts which would justify the court in finding that there was any fixed intention on the part of the defendant to abandon his wife. An abandonment which entitles a party to a decree of separation must be one which contemplates a " voluntary separation of one party from the other without justification, with the intention of not returning." (*Williams* v. *Williams,* 130 N. Y. 193; *Simon* v. *Simon,* 6 App. Div. 469; affd., 159 N. Y. 549; *Heyman* v. *Heyman,* 119 App. Div. 182.)

The force of the rule in *Williams* v. *Williams* (*supra*) was recognized in the *Heyman Case* (*supra*) in which reference was also made to the familiar rule that " where a wife brings an action for separation in order to entitle her to an order for the payment of alimony she must present to the court some evidence tending to show that there is reasonable ground for her commencing the action and that there is reasonable probability that she will succeed in establishing her charges."

There is no probability of plaintiff's success in establishing her charges upon the facts before us.

The order directing payment of counsel fee and alimony is reversed and plaintiff's motion for alimony and counsel fee is denied, without costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed and motion denied, without costs.