FLORENCE E. OTTON, Respondent, *v.* GEORGE C. OTTON, Appellant.

Second Department, April 22, 1921.

**Husband and wife — separation — complaint insufficient which does not specify acts of misconduct — incompatibility of temper not ground for separation.**

Complaint in an action for separation is insufficient which does not comply with section 1764 of the Code of Civil Procedure providing that the nature and circumstances of the defendant's misconduct must be particularly specified, as well as the time and place of each act complained of; mere general allegations, characterizing the relations between the plaintiff and the defendant, are insufficient.

Incompatibility of temper is not a cause for separation in this State, and so separation cannot be based on outbursts of temper, threats and angry words in the heat of passion, where there is no evidence that those outbursts led to physical violence against the plaintiff.

APPEAL by the defendant, George C. Otton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 12th day of December, 1918, upon the decision of the court rendered after a trial at the Richmond Special Term.

*Martin Gollubier*, for the appellant.

*Chester R. Carleton*, for the respondent.

BLACKMAR, P. J.:

The Code of Civil Procedure requires that in an action for a separation the complaint " must specify particularly the nature and circumstances of the defendant's misconduct, and must set forth the time and place of each act complained of, with reasonable certainty." (Code Civ. Proc. § 1764.) Compliance with this requirement of the Code is substantially lacking in the complaint upon which this decree of separation was founded. Except for certain allegations of improper treatment of the children, the complaint contains the most general allegations, characterizing the relations between the plaintiff and the defendant, without any attempt to comply with the requirements of the Code. The findings of fact are literally a copy of certain of the allegations of the complaint,

and upon those findings of fact the conclusion of law is made that the plaintiff is entitled to a separation from the bed and board of the defendant forever, giving to her the care, custody and education of the children and requiring the defendant to pay her twenty dollars a week alimony.

The parties were married in 1896, and according to the plaintiff's testimony they lived happily together for about seventeen years. The cause of the differences that subsequently arose was the wife's desire to spend the summers at a Staten Island beach, whereas the husband, objecting to the additional hardship thus put upon him, wished to remain during the summer in his residence at Rutherford, N. J. From this cause arose quarrels and bickering, in which the defendant was not wholly at fault. It is no wonder that in the circumstances he gave way to outbursts of temper and to threats and angry words in the heat of passion; but nowhere in the case is there any evidence that those outbursts led to physical violence against the plaintiff. As is said in *Donohue* v. *Donohue* (180 App. Div. 561, 562): " Even if we believe the plaintiff's testimony that the defendant made threats, they were angry outbursts incident to wars of words, and their emptiness is shown from the absence of any testimony of even an attempt to carry them out."

In view of the remarks made by the learned trial justice during the trial, it is well to say once more that incompatibility of temper is not a cause for separation in the State of New York. The causes are expressly prescribed by statute (Code Civ. Proc. § 1762 *et seq.*); and so careful were the law-givers to see to it that the causes should be strictly confined to those prescribed, that they required specification of each particular act of misconduct, together with the time and place thereof, to be contained in the complaint. ( *Umbach* v. *Umbach*, 183 App. Div. 495.)

The findings of fact numbered 4 to 12, inclusive, should be reversed, the judgment reversed, and the complaint dismissed.

MILLS, RICH, PUTNAM and JAYCOX, JJ., concur.

Findings of fact numbered 4 to 12, inclusive, reversed; judgment reversed and complaint dismissed.