In the Matter of the Estate of Franciszek Banaszak, Deceased.

Surrogate's Court, Erie County, November 16, 1937.

*Carlton P. O'Connor*, for Mary Banaszak.

*H. B. & B. H. Butterfield* [*Boyce H. Butterfield* of counsel], for the contestants.

Hart, S. This is rather an unusual case in that the husband, a widower, along with his three children, went to live with the wife, a widow by a former marriage, presumably under an agreement between them. The home was owned by the wife, although the husband also owned a home. They were married in October, 1929, and, after three months of peace and quiet, a period of constant quarreling commenced and continued. One morning in June, 1930, the deceased went to his daily work, and on his return that evening he found all the furniture that he had brought with him to his wife's abode in the back yard, where it had been placed by a son of his wife. One of the daughters of the decedent testified that on this morning she heard the wife tell the deceased that he had to get out. It is reasonable, from all the circumstances, to presume that the son acted under the orders of his mother in removing the furniture. The son never appeared during the proceeding.

At no time after this incident did Mrs. Banaszak ever go near her husband or make any effort of reconciliation, demanded no support from him, never endeavored to urge him to return to her home, and there is some evidence to show that she used the name of her former marriage from that time on. In short, from the time the furniture was put out of the home until his death there was evidently no intention of her returning to the usual marital relationship. The husband died on July 14, 1937.

The term "abandonment," as used in the law of divorce, contemplates a voluntary separation of one party from the other without justification and with the intention of not returning. (*Williams* v. *Williams*, 130 N. Y. 193; *Heyman* v. *Heyman*, 119 App. Div. 182.)

So far as the causes of the internal warfare between both spouses are concerned, the court is faced with the question of whose witnesses to believe. My belief is that the true version of the situation was given by the witnesses produced by the present administratrix, daughter of the deceased. It was testified by one that she heard the wife tell the deceased that he had to get out. This was followed later in the day by the placing of the furniture in the back yard.

It was said by the Appellate Division, Fourth Department, in *Matter of Sadowski* (246 App. Div. 490, at p. 493), which case arose in this court:

"In the *Mirizio Case* (*No. 1*) (242 N. Y. 74), which was an action for separation, the point at issue was said to be (p. 80) 'whether a wife who lives apart from her husband because she is unwilling to live with him * * * can maintain an action against him for abandonment and to compel his support of her.' The court ruled that (p. 80): 'The wife is the one who is asserting a right and seeking affirmative relief and the burden rests upon her, before she can demand benefits under the marriage contract, of showing that she is willing to discharge her obligations under it.'

"In the instant case the findings of the trier of the facts in effect deny decedent's willingness to discharge her marital obligations. It was she who requested the appellant to leave their home and he did so against his will. Thereafter his efforts towards a restoration of their marital life proved to be futile. That she was satisfied to be thus separated from her husband during the period of ten years, between the day he left at her request and her death, is to be inferred from her failure meantime to bring an action for separation or a proceeding to compel him to support her. It is apparent both as a matter of practical experience and from a legalistic point of view that 'one is not aggrieved by a separation thus fostered and prolonged.' (*Mirizio* v. *Mirizio* [*No. 2*], 248 N. Y. 175, p. 181.)"

I, therefore, find that the widow of the deceased, Mary Banaszak, abandoned her husband, Franciszek Banaszak, and is, therefore, not entitled to the appointment as administratrix of his estate.