TOBY SCHECHTER, Respondent, *v.* VICTOR SCHECHTER, Appellant.

First Department, November 26,.1943.

*Nathaniel M. Gallin* of counsel (*Benjamin D. Jackman*, attorney), for appellant.

*Harry Rosenberg* for respondent.

Dore, J. The parties to this litigation were married on June 22, 1939, and have one child, a boy, who was a little over two years old at the time of the trial. The trial court granted plaintiff wife a decree of separation; defendant appeals.

At the close of the trial the learned trial court properly characterized this case as one in which a " young couple had allowed trifles to become magnified until they are really big." Most of the trial was concerned with such trifles and on this record we think plaintiff has failed to establish against the husband any legal ground for a separation.

No abandonment was shown. Indeed, on October 11, 1942, the date of the abandonment claimed, the husband was endeavoring to get his wife to come with their infant child from her sister's house, where they had been sojourning while their own apartment was being made ready, to the four-room apartment the husband had leased and furnished for his own little family. That the wife had approved of the apartment selected and had arranged for its painting and decoration is shown. The wife refused to go. But on her own testimony the grounds of that refusal were not the incidents of alleged cruelty or the claimed failure to support relied on at trial. The stated grounds were a trivial difference about how the parties would submit their difficulties to a so-called arbitration court.

We think the evidence also fails to establish nonsupport or any such cruel and inhuman treatment as would, on this record, justify a decree against the husband. Many of the incidents relied on are not established or are inconsequential; almost all of them had happened long before the separation; and if any of them could be considered serious, under the circumstances here disclosed they may be deemed to have been condoned. The parties concededly were living together as man and wife to the actual date of the separation on October 11, 1942. On plaintiff's uncorroborated claims of alleged violence, we find for defendant. The wife's letter to the husband dated August 12, 1942, written months after most of the incidents relied on and but two months before the separation itself, indicates the wife had no fear for her health or safety. The record sustains that inference. On the whole case we think the trial court's findings of abandonment, nonsupport and cruelty are not supported by the weight of the credible evidence.

As the Court of Appeals said in *Pearson* v. *Pearson* (230 N. Y. 141, 148): " The misery arising out of domestic quarrels does not justify a termination of the legal rights and duties of husband and wife. For such ills the patients must minister unto themselves; our courts of justice offer no cure."

In *Averett* v. *Averett* (189 App. Div. 250, 252) this court said: " The fact that incompatibility exists and that a husband and wife find it impossible to live in harmony, while no doubt furnishing justifiable reasons as between themselves for separating, does not meet the requirements for a judicial separation fixed by the statute and the policy of the State. * * * Unless there is cruel and inhuman treatment, or conduct that would render it unsafe and improper for the party seeking separation to cohabit with the defendant, or abandonment by the latter of the plaintiff, or, where the wife is plaintiff, the neglect or refusal of the defendant to provide for her, the court has no power to decree separation. A case presented may establish to the satisfaction of the court that the parties will continue indefinitely to suffer unhappiness if they are not allowed to separate, but no relief can be given unless the requirements of law above stated exist. The injured party must suffer the consequences of the apparent mistake, made when the marriage took place, in not discovering any temperamental defects that then existed."

Through temperamental or other differences the parties had more than the usual amount of family bickerings. But neither side is shown to be unfit for the serious responsibilities they both voluntarily assumed. Even now, especially in view of the love and affection they both evince for the child of this marriage, it may be that reconciliation is still possible. (*Morris* v. *Morris,* 260 App. Div. 6.)

The judgment appealed from should be reversed, without costs, and the complaint dismissed, without costs.

TOWNLEY, GLENNON and UNTERMYER, JJ., concur; MARTIN, P. J., taking no part.

Judgment unanimously reversed, without costs, and the complaint dismissed, without costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.