Judgment and orders affirmed, without costs of this appeal to either party. All concur, except Dowling, J., who dissents and votes for reversal of the judgment and for dismissal of the complaint in the following memorandum: The plaintiff failed to prove her case by a fair preponderance of the evidence. Her testimony was impeached by her own false swearing. In any event she condoned the acts of cruel and inhuman treatment found by the learned referee. She came to Buffalo on December 1, 1935, of her own accord. She voluntarily lived and cohabited with the defendant and had sexual relations with him between December 1, 1935, and December 7, 1935, and then separated (rom him without any cause or provocation whatever and instituted this action. (Schechter v. Schechter, 267 App. Div. 138, 139, affd. 293 N. Y. 670.) “ Con-donation is favored in the law.” (Galusha v. Galusha, 116 N. Y. 635, 643.) Harris, J., not voting. (The judgment of Brie County Supreme Court, Hoonan, Official Referee, awards plaintiff a separation, and dismisses defendant’s counterclaim for a separation on the merits; the order of Special Term, Piper, J., entered on March 14, 1945, awards permanent accumulated alimony to plaintiff and directs the payment of alimony monthly to plaintiff; the order of Special Term, Larkin, J., entered on August 10, 1942, denies upon certain conditions plaintiff’s motion for counsel fees; the order of Special Term, Larkin, J., entered February 26, 1946, denies plaintiff’s motion to vacate the order granted on August 10, 1942.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.