THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARBARA S. ROOSEVELT, Respondent, *v.* PHILIP J. ROOSEVELT, Appellant.
BARBARA S. ROOSEVELT, Respondent, *v.* PHILIP J. ROOSEVELT, Appellant.

First Department, June 27, 1961.

*Sydney J. Schwartz* of counsel (*Lester Kissel, Herschel Sparks* with him on the brief; *Meyer, Kissel, Matz & Seward,* attorneys), for appellant.

*Abraham Wilson* of counsel (*David M. Potts, Robert Horan* with him on the brief; *Kadel, Wilson & Potts,* attorneys), for respondent.

McNALLY, J. In a separation action, the husband appeals from the judgment therein granting the wife a separation upon the grounds of cruelty and nonsupport, awarding her alimony and support for the children and providing for .custody and visitation in accordance with the final order in a habeas corpus proceeding. In the habeas corpus proceeding to determine custody of two infant children, issue of the parties, the husband appeals from the final order awarding custody to the wife and restricting visitation rights of the husband. The two appeals have been consolidated by order of this court dated March 23, 1961, and have been heard together.

The parties were married September 30, 1952. The issue are a daughter, seven, and a son, four. Prior to 1958 there

appear to have been no serious differences between the parties, at least none warranting a judicial separation.

The complex and questionable course of conduct of the wife during the marriage, indicating on the whole her dissatisfaction with the marital status in her own insistence on living separate and apart from the husband, would indicate that this is not a case where a judgment compelling the husband to support the wife is warranted; in fact, the record does not fairly support such a judgment. If it be assumed that living apart was a mutually satisfactory arrangement in its inception, an offer by the wife in good faith to resume the marriage relation is a prerequisite to the maintenance of an action for a judicial separation and such an offer by the wife in this case has not been shown.

The wife's testimony is that in June, 1959 she informed her husband of her misconduct and expressed her regret. She also testified that prior thereto, in March, 1959, she informed defendant she desired a separation. The husband, however, testified that he first learned of the full extent of his wife's conduct through her own admission in the custody proceeding. Plaintiff admits she had no relations with her husband between March and August, 1959. Between August 4 and August 22, 1959 the parties went to the Orient in an effort to reconcile their differences. It is uncontradicted that the parties have not lived together as man and wife since August, 1959.

Prior to October, 1959 the wife insisted upon living separate and apart from her husband; he objected but finally consented to a temporary separation when it appeared she was unwilling to live with him. On October 4, 1959 the wife and the children took up separate residence in the husband's New York City apartment which prior thereto had been one of two marital abodes maintained by him, the other being one owned by him located at Oyster Bay, Long Island. At various times thereafter the husband made unsuccessful overtures to join the wife in the New York City apartment or for her return to their Long Island home. The wife testified she rejected the overtures because, in her opinion, they were made in bad faith. She also testified the separation occurred because of underlying tensions and her actual dislike of her husband.

On March 21, 1960 the wife commenced the habeas corpus proceeding. Hearings thereon were had during April and May, 1960. On the basis of the wife's admissions in this proceeding, the husband who had been supporting his wife reduced support on April 27, 1960, and thereafter he refused any support. On June 6, 1960 the wife instituted the action for separation.

The alleged grounds for separation are nonsupport and cruelty. The answer pleads the defenses of abandonment and adultery. A judicial separation must be predicated on statutory grounds; it may not be granted simply because the spouses are living apart by consent. (*Umbach* v. *Umbach*, 183 App. Div. 495.)

If it be assumed that the separation in October, 1959 was by consent, it was incumbent on the wife to establish her bona fide offer to return to and a refusal thereof by the defendant prior to the commencement of the action before a valid claim of nonsupport would lie. The wife does not allege she offered to return to the defendant and the evidence is that since October, 1959 she did not offer or intend to return to him. (*Batchelor* v. *Batchelor*, 295 N. Y. 544; *Solomon* v. *Solomon*, 290 N. Y. 337.)

The evidence does not establish condonation of plaintiff's misconduct. Condonation is conditioned upon future good conduct and the evidence establishes it was not the wife's intention after June, 1959 to resume the marital relation in good faith. (*Johnson* v. *Johnson*, 14 Wend. 637; *Ohms* v. *Ohms*, 285 App. Div. 839; *Frischman* v. *Frischman*, 275 App. Div. 860.) The wife's refusal to live with defendant after August, 1959 negates her intention to resume the marital relation. The wife's admitted conduct culminated in her total rejection of her husband and the breakup of the marital relation.

Defendant is under no obligation to support the plaintiff so long as she refused to live with him as man and wife. (*Diemer* v. *Diemer*, 8 N Y 2d 206; *Mirizio* v. *Mirizio*, 242 N. Y. 74.) The record fails to establish any legal justification for the plaintiff's refusal to do so.

The acts of alleged cruelty relied on by the plaintiff postdate plaintiff's withdrawal from the marital domicile. The events of April 30, 1960, during the pendency of the habeas corpus proceeding, were the product of tension generated by the illness of the infant daughter of the parties and the recriminations consequent on the pending proceeding. The allegations concerning the said child are denied by the defendant and may well be the sequela of a morbid marital situation for which plaintiff is largely responsible. We find no evidence of cruel and inhuman treatment of the plaintiff by the defendant. (*Rosenfield* v. *Rosenfield*, 299 N. Y. 770; *Smith* v. *Smith*, 273 N. Y. 380; *Pearson* v. *Pearson*, 230 N. Y. 141; *Gabriel* v. *Gabriel*, 274 App. Div. 141; *Schechter* v. *Schechter*, 267 App. Div. 138, affd. 293 N. Y. 670; *Morris* v. *Morris*, 260 App. Div. 6; *Otton* v. *Otton*, 196 App. Div. 403; *Averett* v. *Averett*, 189 App. Div. 250; *De Vide*

v. *De Vide,* 186 App. Div. 814; cf. *Sherman* v. *Sherman,* 7 N Y 2d 1032; *Hofmann* v. *Hofmann,* 232 N. Y. 215.)

The record does not support in any way the characterization of the defendant contained in the trial court's opinion based largely on the wife's unsupported conclusions. Indeed, on argument, the attorney for plaintiff stated that he did not urge that as a ground for separation at the trial or in this court. Nor does the record sustain the finding that Dr. Laidlaw was acting in the interest of defendant's mother or that she was his patroness. We credit Dr. Laidlaw's testimony and reject the plaintiff's testimony to the extent it conflicts therewith.

We have assumed condonation in or about June, 1959, and a voluntary separation on October 4, 1959. On this record, however, we find the plaintiff did not fully inform the defendant in June, 1959 of her prior conduct and that she acknowledged it in his presence for the first time during the habeas corpus proceeding. We also find that the separation was without the defendant's consent and temporarily indulged by him to afford the plaintiff an uncomplicated opportunity to resolve her own difficulties.

We have reviewed the record in the proceeding to determine the custody of the issue of the parties and conclude that the best interests of the children dictate plaintiff should have permanent custody, subject to defendant's right to temporary custody on each week end and one month during the Summer, and the final order should be modified accordingly. The tender years of the children, and the absence of proof that plaintiff's conduct has come to their attention, prompt the present disposition of custody to the plaintiff which is, of course, subject to modification if their best interests so indicate, especially if it should appear the children are exposed to situations which might endanger their moral well-being.

The judgment entered February 15, 1961 should be modified, on the law, on the facts and in the exercise of discretion, with costs to defendant-appellant, to the extent of dismissing the complaint on the merits, deleting the provisions for alimony and counsel fee; in lieu of all the provisions therein for the support of the children of the parties, to provide therefor that the defendant pay $1,000 a month, except for the month when the children are in defendant's custody, during which he should be required to pay only the rent of the apartment occupied by the children and the plaintiff; and, as so modified, affirmed.

The final order entered June 14, 1960 should be modified, on the law, on the facts and in the exercise of discretion, with costs

to defendant-appellant, in accordance herewith, and, as so modified, affirmed.

RABIN, J. P., VALENTE, STEVENS and BERGAN, JJ., concur

Final order entered on June 14, 1960 sustaining a writ of habeas corpus, unanimously modified, on the law, on the facts and in the exercise of discretion, with costs to defendant-appellant, in accordance with the opinion of this court filed herein and, as so modified, affirmed. Settle order on notice.

Judgment unanimously modified, on the law, on the facts and in the exercise of discretion, with costs to defendant-appellant, to the extent of dismissing the complaint on the merits, deleting the provisions for alimony and counsel fee; in lieu of all the provisions therein for the support of the children of the parties, to provide therefor that the defendant pay $1,000 a month, except for the month when the children are in defendant's custody, during which he should be required to pay only the rent of the apartment occupied by the children and the plaintiff; and, as so modified, affirmed. Settle order on notice.