## McBRIDE *v.* McBRIDE.

*(Supreme Court, General Term, First Department.　May 9, 1890.)*

DIVORCE—SEPARATION—SUFFICIENCY OF EVIDENCE.

　　A decree granting a wife a separation on the ground of cruel and inhuman treatment will be set aside by the general term where the testimony shows only one act of actual violence, and one occasion when vile and abusive language was used by defendant to plaintiff, and there is no evidence that plaintiff was in any fear of defendant.

Appeal from special term, New York county.

Action for separation by Josephine M. McBride against Robert P. McBride. There was a decree for plaintiff, and defendant appeals. For former reports, see 5 N. Y. Supp. 388, and 6 N. Y. Supp. 447.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Joseph H. Choate* and *Preston Stevenson*, for appellant. *W. Bourke Cockran* and *S. G. Adams*, for respondent.

VAN BRUNT, P. J. An examination of the evidence in this case has not satisfied me that such a state of affairs was shown as justified the decree. If the learned justice who passed upon the question as to whether the decree in favor of the plaintiff should be entered or not had had the advantage of hearing the witnesses testify, and thus had been able to judge better than we could do in respect to the testimony and the weight to be given to the testimony offered by the witnesses, we should have very great hesitation in disturbing the conclusions to which he has arrived. It is undoubtedly true that it is inexpedient in cases of this description to attempt to have issues framed to be tried by a jury, for the reason that all that such pretended issues can be is a submission of a question to the jury as to whether certain evidence is true or not; and it is impossible for the court, even with the finding of the jury before it in respect to the truth of this particular evidence, to determine as to whether a decree of limited divorce should be granted or not, because that depends upon all the circumstances surrounding the happening of the particular event the truth of which the jury have found; and, had not the attempt been made to have the issues in this case tried before a jury, probably the dilemma in which we now find ourselves placed could not have occurred. These issues were submitted to the jury, on most of which the jury found in favor of the defendant. They found, however, one act of violence in 1884, the separation having taken place in 1886, and one occasion upon which vile and abusive language was used by the defendant to the plaintiff, which occurred in January, 1885. The learned judge, however, who tried the case after the rendition of this verdict, has found other occasions on which the defendant was guilty of violence, and also of the use of vile and abusive language towards the plaintiff; and he finds, upon a consideration of the evidence, that such cruel and inhuman treatment of the plaintiff upon the part of the defendant was shown as rendered it unfit for her to continue to live with him. An examination of this testimony shows undoubtedly that the defendant has at times acted shamefully towards his wife, and has treated her in a manner which was wholly unjustifiable. But it is further apparent that incidents trivial in themselves have been magnified willfully in the greatest degree, in order to make out a case of cruel and inhuman treatment. The exposure of the pistol, in respect to which so much has been made, was undoubtedly an act of carelessness upon the part of this defendant, and was utterly unjustifiable, but there is not the slightest suspicion that it was accompanied by any threats, or that the plaintiff had any idea that she was placed in any danger. The facts in regard to the use of the poker have been perverted by the witness in a marked degree. There was certainly an exhibition of temper upon the part of the defendant upon this occasion which was unjustifiable, but there were no threats against the plaintiff, and the plaintiff knew she was in no danger of being assaulted or injured in any way, shape, or manner. It is perhaps true that it was owing to his habits of drinking that the defendant gave way to these outbursts of temper, but there is not the slightest particle of evidence going to show that the plaintiff was in any fear of the defendant. On the contrary, the fact that upon one occasion, when the defendant had been drinking, he stayed in the park for a considerable time, within sight of his house, in order to get sober before going in, showed that he had a lively perception of the kind of reception which would await him did he present himself in that condition, and the interview which took place after such presentation re-

sulted in the only act of actual violence which is attempted to be proved. · It is further apparent from the tone of the letters written by the plaintiff to the defendant in August, 1885, and as late as March, 1886, that she did not then believe or have any idea that she had been so cruelly or inhumanly treated as was attempted to be proved upon this trial; and it would seem that the cause of the plaintiff leaving the defendant was not the cruel and inhuman treatment which she had received at his hands, but the fact that he had broken the pledge which he had given to her not to use any intoxicating drinks. The only incident which in any way tended towards the separation after the writing of the letter of March, 1886, was the fact of the plaintiff having seen the defendant drinking a bottle of ale with his lunch. It may have been considered upon the part of the plaintiff, and it undoubtedly was, a most desirable thing to prevent the defendant from drinking any intoxicating liquors whatever. She may have striven to get the pledge which he gave to her, and she may have been greatly discouraged by seeing that the defendant did not keep it; but this fact afforded no ground under our statute for a separation. Meanness, disagreeable conduct, or the use of vile language afford no ground for a separation. The conduct of the husband must be of such a character as to render it unsafe and improper for the wife to continue living with him. This is the policy of the law; and disagreeable, uncomfortable, and even repulsive as it may be for a woman to continue her association with a man who has displayed the mean and contemptible spirit of this defendant, yet the necessity to endure it is one of the evils attending the marriage state, and parties should not for such reasons be put asunder by judicial decree. I think that the only method in which the questions involved in this case can be successfully solved is that the whole case should be tried before a judge, and the issues decided by him; and therefore that a new trial should be had before the court of all the issues involved, and that the court should take the testimony itself, and be enabled to judge from the demeanor of the witnesses as to the weight to be given to their testimony. The judgment should be reversed, and a new trial ordered, without costs.

DANIELS, J., concurs.    BRADY, J., concurs in the result.