BIRDIE AVERETT, Respondent, v. ABRAHAM M. AVERETT, Appellant.

First Department, November 7, 1919.

**Husband and wife — action for separation — evidence not justifying judicial decree — incompatibility of temper — evidence — contradicting defendant as to irrelevant facts brought out on cross-examination.**

Suit brought by a wife for separation because of alleged cruel and inhuman treatment such as to render it unsafe and improper for her to cohabit with the defendant. Evidence examined, and *held*, that while the parties

might not be able to live in harmony there was not sufficient proof to warrant a judicial separation.

The fact that incompatibility exists and that a husband and wife find it impossible to live in harmony, while furnishing justifiable reasons as between themselves for separating, does not meet the requirements for a judicial separation as fixed by the statute and the policy of the State.

*Held,* that the facts testified to by the plaintiff herself, if true, would bring the case within the statute, but that a judicial separation should be denied because her testimony was contradicted by the defendant and was uncorroborated in essential details and was in some respects inherently improbable.

Where on cross-examination the defendant stated that he had never struck the plaintiff, it was error to allow the plaintiff to give testimony to contradict the defendant as to an alleged assault after the action had been commenced.

PAGE and MERRELL, JJ., dissented.

APPEAL by the defendant, Abraham M. Averett, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of June, 1918, upon the decision of the court after a trial at the New York Special Term.

*Nathan Ottinger* of counsel [*I. Maurice Wormser* with him on the brief; *Myers, Kutner & Schuhmann,* attorneys], for the appellant.

*Max D. Steuer,* for the respondent.

PHILBIN, J.:

The defendant appeals from a judgment rendered against him in an action brought by his wife for separation. The complaint among other things alleges cruel and inhuman treatment such as to render it unsafe and improper for plaintiff to cohabit with defendant. It is alleged that he called her low names and used vile and violent language to her; that he humiliated her in the presence of her family and friends; that he refused to associate with her, made slanderous statements concerning her and stated she was a vile woman and unfit to take care of their child; that plaintiff was in the habit of visiting disorderly houses for the purpose of prostitution. It is further stated that defendant on December 21, 1917, and

at various times struck plaintiff. Other allegations as to the financial condition and resources of the defendant are made. The answer denies all the material allegations above described.

There is sufficient proof to show that the relations between the parties were strained and antagonistic, causing much bitterness and quarrelling, but there is not sufficient proof in my opinion to justify a judgment of separation under the statute. (Code Civ. Proc. § 1762 *et seq.*)

The fact that incompatibility exists and that a husband and wife find it impossible to live in harmony, while no doubt furnishing justifiable reasons as between themselves for separating, does . not meet the requirements for a judicial separation fixed by the statute and the policy of the State. A spouse may be unfit to live with as such, because of habits, character or temperament, but unless there is cruel and inhuman treatment, or conduct that would render it unsafe and improper for the party seeking separation to cohabit with the defendant, or abandonment by the latter of the plaintiff, or, where the wife is plaintiff, the neglect or refusal of the defendant to provide for her, the court has no power to decree separation. A case presented may establish to the satisfaction of the court that the parties will continue indefinitely to suffer unhappiness if they are not allowed to separate, but no relief can be given unless the requirements of law above stated exist. The injured party must suffer the consequences of the apparent mistake, made when the marriage took place, in not discovering any temperamental defects that then existed. (*McBride* v. *McBride,* 56 Hun, 649; 9 N. Y. Supp. 827.)

The plaintiff testified to facts which, if true, would bring the case within the statute, but it appears that not only is her testimony contradicted by the defendant and uncorroborated in its essential details, but in some respects it is inherently improbable.

The alleged assault of December, 1917, set forth in the complaint, was testified to by plaintiff, who stated that at the time of the assault a servant, one Margaret Reilly, was present. The servant's testimony does not support the charge made. She testified that on the occasion in question

the plaintiff grabbed defendant's arm and he grabbed her and plaintiff then said " Margaret, see what he does with me." The witness then told defendant he had better stop and let go, whereupon both let go. The witness expressed the opinion in court that there was nothing in the episode to make plaintiff stay away from home.

The coincidence in the date of certain events lends plausibility to the defendant's claim that the quarrel which occurred on this occasion was intentionally and advisedly brought on by plaintiff. It had been the rule of the parties to buy nothing on credit and plaintiff had never done so. Her attorney was employed a few days before plaintiff purchased some necessary clothing on credit, and upon defendant being notified by the shop of the transaction, the quarrel occurred. Plaintiff testified she knew defendant would object. The summons in this action bears date the day after the quarrel.

Plaintiff testified to another alleged assault on November 26, 1917, but this also is uncorroborated. It is true that, immediately after the time she says the assault occurred, some people found her in a fainting condition in the hall just outside of the apartment in which the parties lived, but there is nothing to indicate she had been assaulted except her statement to that effect. She said that at that time defendant threw her on the floor; that he pushed her and she fell; that he had refused to let her go out. It was on this occasion that defendant, according to plaintiff, called her a bastard and a prostitute in the presence of a servant, one Blanche Gross. The latter testified that plaintiff wanted to run out, and defendant pulled her back in the hall and she fell, and he had hold of her by the hand. The witness did not say anything in her testimony in support of plaintiff's declaration that defendant called her a prostitute. The plaintiff's brother-in-law, Bernstein, arrived immediately after this alleged assault. He testified that plaintiff made no claim that defendant had assaulted her.

The plaintiff also testified that in the year 1916 defendant struck her and that one Clara Kosak was there at the time, but the latter was not called as a witness. A governess was in the employ of the parties at the same time, and while she testified that the parties were not friendly and used angry words to each other, she also said she never saw defendant

strike plaintiff. The witness was unfriendly to defendant because of a dispute with him.

Plaintiff also testified that defendant accused her of visiting disorderly houses for the purpose of prostitution, but this testimony is likewise uncorroborated. Plaintiff swore that, on one of the occasions when it is said she was so accused, her brother-in-law and one Greenberg were present. Although both of these persons testified (the former for the plaintiff), they failed to support plaintiff's testimony as to defendant's alleged charge of unchastity.

The trial court found substantially all the alleged facts set forth in the complaint and immediately upon the close of the trial in court directed judgment for the plaintiff. The opportunity for an analysis of the testimony by an examination of the record, therefore, was not had by the Special Term.

Where the entire proof rests practically upon the testimony of the wife, it will be deemed sufficient where the defendant partially admits some of the accusations (*Mc Nulty* v. *Mc Nulty*, 119 App. Div. 150), but in the instant case the defendant denied all the charges of cruelty. Furthermore, as already pointed out, the plaintiff's testimony in some important details is negatived by the failure of the persons who, she said, were present on the occasions to corroborate her. This tends to discredit her entire claim.

There was also error in allowing certain testimony to contradict the defendant as to an alleged assault after the action had been commenced. On cross-examination, defendant was asked if he had ever struck the plaintiff and he replied in the negative. In other words, he declared in effect that he had not struck the plaintiff either (a) at any of the times alleged in the complaint or (b) any other time, whether prior or subsequent thereto. Any evidence legitimately bearing on the issue under (a) would be admissible. For that reason, evidence under (b) tending to show a *prior* assault might be admissible as creating a presumption of a continuing disposition to commit an assault. It is clear, however, that evidence of an assault *subsequent* to those charged in the complaint would be incompetent. Presumptions reach forward, not backward. It is apparent, therefore, that the plaintiff was not entitled to call witnesses to disprove the

denial of the defendant on an immaterial and irrelevant fact.

The judgment should be reversed and a new trial granted.

Clarke, P. J., and Dowling, J., concurred; Page and Merrell, JJ., dissented.

Judgment reversed and new trial granted. Order to be settled on notice.