MARGARET HASLUP STRAUB, Respondent, *v.* WALTER MORRIS STRAUB, Appellant.

First Department, April 4, 1924.

**Husband and wife — separation — cruel and inhuman treatment by husband, consisting of drunkenness, vile language and other acts, not established by evidence — complaint dismissed.**

In an action by a wife for separation upon the ground of cruel and inhuman treatment, consisting of drunkenness, the use of vile language and other acts, the complaint should be dismissed, since the evidence is insufficient to establish the ground charged.

APPEAL by the defendant, Walter Morris Straub, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 3d day of April, 1923, upon the decision of the court, rendered after a trial at the Bronx Special Term, adjudging that the plaintiff and the defendant

be separated from bed and board, and that the care, custody and control of their child be granted to the plaintiff; that the defendant pay to the plaintiff for her support and maintenance and that of the child the sum of forty dollars per week, and that she recover costs to be taxed.

*Kellogg & Rose* [*Asa B. Kellogg* of counsel], for the appellant.

*Horstmann & Kozinn* [*Joseph J. Kozinn* of counsel; *Charles Nehrbas Horstmann* with him on the brief], for the respondent.

MARTIN, J.:

This matrimonial action was brought by plaintiff for a separation upon the ground of cruel and inhuman treatment, because of conduct on defendant's part which rendered it unsafe for the plaintiff to cohabit with him, and by reason of the fact that the defendant has inadequately supported plaintiff and their child, the issue of the marriage.

The plaintiff and defendant were married at Ellicott City, Md., on the 9th day of July, 1918. The issue of the marriage is a boy, Walter Morris Straub, Jr., who was at the time of the trial about three years of age. The defendant is a salesman. When the action was commenced he admitted earning a salary of six thousand dollars a year, though when testifying at the trial he asserted that he was not employed, having lost his position. The trial judge rendered a decision adjudging that the plaintiff and the defendant be separated from bed and board; that the care, custody and control of their child be granted to plaintiff, and that the defendant pay to the plaintiff for her support and maintenance and that of their child the sum of fifty dollars per week. Thereafter, on application of the defendant, and before the entry of the decree herein, the trial judge reduced the amount of the allowance for such support and maintenance from fifty dollars to forty dollars per week.

The voluminous record before us contains the allegations of the parties. Each charges the other with cruel and inhuman treatment, neglect and conduct which, they say, should satisfy the court that each is entitled to a judgment of separation from the other. When the evidence is analyzed the charges become few in number and insignificant in importance.

An automobile alleged to have been owned by the plaintiff was stolen. Plaintiff related a conversation to the defendant which she had with a man who intimated he had aided in its theft and who said that the defendant had knowledge of that fact. The defendant retaliated by asserting the plaintiff knew more about its disappearance than he did.

It is asserted by plaintiff that the defendant has been an habitual drunkard ever since their marriage and that his intemperance caused her great mental anguish. When it was shown that during the married life of the parties defendant was continuously employed in positions of importance, calling for sobriety, discretion and judgment, the charge of habitual drunkenness was limited to habitual drunkenness on Saturday afternoons, Sundays and holidays. This in turn was very much minimized when it was established that defendant spent many of these days, called week-ends, with people who vouched for his sobriety and good conduct.

The reliable testimony when taken at full value proved that defendant did at times indulge in more liquor than a wise man should and more than his own good and the welfare of his family would warrant. But that alone is not a ground for a judicial separation. (*Kissam* v. *Kissam,* 21 App. Div. 142.)

The evidence with reference to the third specification, that defendant called his wife vile and filthy names, does not sustain that allegation. The evidence does disclose the fact that during quarrels both too freely volunteered their opinion of each other.

The defendant is also charged with having locked his wife out of their home on one occasion. This was the result of a quarrel at one of their parties. The details of this affair convince us that both were at fault. In any event that act alone, surrounded by the circumstances disclosed, is not sufficient to grant a decree of separation.

The other matters referred to are either too trivial further to consider or are wholly without reliable proof. Both plaintiff and defendant are to blame for the conditions which have brought about this action. One witness glibly asserted that they both liked a party, and the evidence would seem to indicate that fact. If only a part of the evidence offered by the defendant be true, the plaintiff gave neither the time nor attention to her household duties that a woman in her circumstances should have given, especially if she possessed the love and affection for her child that she asserted on the trial.

When the whole record is thoroughly examined, the evidence limits the plaintiff's proof to acts of drunkenness on the part of the defendant. Both parties were of a convivial temperament and both appear not to have been averse to taking a drink.

Considering the frailty of human nature, it is apparent that neither exercised that spirit of forbearance and patience so necessary in such cases to the attainment of happiness.

There may have been frequent quarrels, but on the whole it seems both were responsible for those quarrels. Instead of working

First Department, April, 1924. [Vol. 208

together as they should for the welfare, prosperity and happiness of their small family, they, by their petty bickerings and fancied grievances, endeavored to irritate and annoy each other. Such conduct may be unfortunate, but it has been held not sufficient for a court to base a decree of separation from bed and board.

In *Pearson* v. *Pearson* (230 N. Y. 141, 148) the court said: " The test of cruel and inhuman treatment where no blows are struck or threatened should be applied with great caution. Insulting and angry words may cause discomfort and annoyance, but their natural purpose and effect is neither to injure health nor to endanger reason. Incompatibility of temper is no ground for separation in New York. The misery arising out of domestic quarrels does not justify a termination of the legal rights and duties of husband and wife. For such ills the patients must minister unto themselves; our courts of justice offer no cure. To the well-established rule this case presents no exception."

In *Averett* v. *Averett* (189 App. Div. 250) the court said: " The fact that incompatibility exists and that a husband and wife find it impossible to live in harmony, while no doubt furnishing justifiable reasons as between themselves for separating, does not meet the requirements for a judicial separation fixed by the statute and the policy of the State. A spouse may be unfit to live with as such, because of habits, character or temperament, but unless there is cruel and inhuman treatment, or conduct that would render it unsafe and improper for the party seeking separation to cohabit with the defendant, or abandonment by the latter of the plaintiff, or, where the wife is plaintiff, the neglect or refusal of the defendant to provide for her, the court has no power to decree separation. A case presented may establish to the satisfaction of the court that the parties will continue indefinitely to suffer unhappiness if they are not allowed to separate, but no relief can be given unless the requirements of law above stated exist. The injured party must suffer the consequences of the apparent mistake, made when the marriage took place, in not discovering any temperamental defects that then existed. (*McBride* v. *McBride*, 56 Hun, 649; 9 N. Y. Supp. 827.) "

The judgment should be reversed and the complaint dismissed.

DOWLING, SMITH, MERRELL and FINCH, JJ., concur.

Judgment reversed and complaint dismissed. Settle order on notice.