JOSEPH L. MURPHY, Appellant, *v.* EDITH A. MURPHY, Respondent.

Argued October 11, 1946; decided January 16, 1947.

*Elijah T. Russell* for appellant. I. The reversal was not on the facts. (*Hart* v. *Blabey,* 287 N. Y. 257; *Schnibbe* v. *Glenz,* 252 N. Y. 7; *Matthews* v. *Truax, Carsley & Co.,* 265 N. Y. 6; *McDougall* v. *Shoemaker,* 236 N. Y. 127; *Caldwell* v. *Nicolson,* 235 N. Y. 209; *People ex rel. Sheffield Farms Co., Inc.,* v. *Lilly,* 295 N. Y. 354.) II. The reversal on the law was error. (*Holmer* v. *Holmer,* 253 N. Y. 498; *Vernes* v. *Vernes,* 232 App. Div. 707.)

*Richard F. Russell* and *Benson R. Frost* for respondent. I. The trial court properly denied a decree of separation to plaintiff. (*Weaver* v. *Weaver,* 74 App. Div. 591, 178 N. Y. 621; *Pearson* v. *Pearson,* 230 N. Y. 141; *Kennedy* v. *Mayor,* 79 N. Y.

361; *Smith* v. *Smith,* 273 N. Y. 380; *De Vide* v. *De Vide,* 186 App. Div. 814; *Avdoyan* v. *Avdoyan,* 265 App. Div. 763; *Donohue* v. *Donohue,* 180 App. Div. 561; *Averett* v. *Averett,* 189 App. Div. 250, 232 N. Y. 519.) II. Defendant was entitled to a decree of separation. (*Holmer* v. *Holmer,* 253 N. Y. 498; *Avdoyan* v. *Avdoyan,* 265 App. Div. 763; *Barbieri* v. *Barbieri,* 249 App. Div. 854; *Carulla* v. *Carulla,* 259 App. Div. 1013; *Rosenthal* v. *Rosenthal,* 254 N. Y. 634; *Hoffmann* v. *Hoffmann,* 224 App. Div. 28; *Stevens* v. *Stevens,* 125 Misc. 451, 214 App. Div. 785; *Dionysius* v. *Dionysius,* 200 App. Div. 842.) III. The reversal by the Appellate Division was upon the law and facts. (*Risk* v. *Risk,* 202 App. Div. 299; *Holmer* v. *Holmer,* 253 N. Y. 498; *Rosenthal* v. *Rosenthal,* 254 N. Y. 634.)

THACHER, J. In this matrimonial action the husband, seeking a legal separation, alleged cruel and inhuman treatment by his wife. The wife denied his allegations and counterclaimed for a separation, alleging abandonment and failure to support. The action was tried before a referee who held the evidence insufficient to warrant a decree of separation in favor of either party, upon the ground that the proven acts of the wife did not amount to cruel and inhuman treatment within the contemplation of the law, and the husband did not leave the wife without cause or provocation or fail to support her. The referee found that, after an attempted reconciliation which had failed: "Defendant became very bitter toward the plaintiff, cursing him and calling him very vile names daily, and frequently in the presence of their daughter, Ellen. That she refused to cook any more meals for him and he had to cook his own meals and wash the dishes afterward. That she would put salt in his sugar; pour water in the gas tank of his car; enter his clothes closet each day and tie his clothing into knots and throw the pieces onto the floor and trample upon them. That defendant also tore up all pictures plaintiff had of his daughter, Marie Rider, by his first marriage, and of her baby. That she also destroyed a new dictionary Marie had given plaintiff. That she also assaulted the said Marie in the public street of said village as a result of which Marie had her arrested. That she called State Troopers to the home and threatened plaintiff with arrest. That as a result of the treatment plaintiff was receiving in his home

he moved out into a small cabin they had in the back yard in or about June, 1944. That defendant continued her same conduct toward the plaintiff while he lived in the cabin. She would enter each day after he had gone to his work and scatter his bed clothing about and his wearing apparel. That she would leave the doors and windows open. That on one Sunday near Christmas time in 1944, and while plaintiff and his said daughter, Marie, were coming out of church after service, they saw defendant sitting in her car and waiting for them. Fearing trouble they turned down a side street. That defendant went around another way and confronted them. There in the presence of many people coming from church the defendant in a loud voice called plaintiff and his said daughter many vile names and cursed them. That plaintiff and his daughter made no reply to her but kept on walking away from her. That living conditions in the cabin continued so bad that plaintiff moved away to other quarters in said village in October, 1944.''

The wife appealed, but the husband did not. The Appellate Division modified by striking from the judgment the provision denying the wife a separation on the ground of abandonment and inserting in place thereof a provision granting her a separation on the ground of abandonment, and affirmed the judgment as so modified. This determination was stated to have been upon the law and the facts, but the court did not specify the findings of fact which were reversed or modified. We are therefore required to presume that the questions of fact were not considered by the Appellate Division. (Civ. Prac. Act, § 602.)

The decision of the court below was predicated upon the conclusion that, plaintiff having acquiesced in the decision and judgment denying him a separation, it followed as a matter of law that, however provocative and objectionable his wife's misconduct may have been, she was nevertheless entitled to a separation from him. This was not a correct conclusion of law. Unless no misconduct short of cruel and inhuman treatment will ever justify a husband in living apart from his wife, the findings of the referee could not be rejected as legally irrelevant to the decision. Cruel and inhuman treatment is not the only '' justification '' which may be pleaded in defense to an action for separation predicated upon allegations of abandonment and

failure to support. (*Williams* v. *Williams,* 130 N. Y. 193, 197; cf. *Mirizio* v. *Mirizio,* 242 N. Y. 74.) We find nothing to the contrary in *Holmer* v. *Holmer.* (253 N. Y. 498) since the trivial misconduct of the wife in that case was no possible justification for the husband's abandonment and failure to support. If the findings of the referee are approved by the Appellate Division, the fact that the husband did not fail to support his wife, coupled with the circumstances under which he moved into the cabin in the back yard and later to other quarters in the village, might give rise to a possible inference that the husband did not intend permanently to desert his wife or that the evidence was not sufficient to establish that fact. On the present state of the record this court is without power to draw any such inference or to pass upon any question of fact.

Since the wife's appeal could not be determined upon the law alone, the judgment of the Appellate Division should be reversed and the case remitted to the Appellate Division for determination of the questions of fact raised in that court, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment reversed, etc.