■ ESTELLE SCHAEFFER, Respondent, v. HARRY SCHAEFFER, Appellant.— In an action by a wife for separation, in which her husband counterclaimed for a separation, the appeal is from a judgment granting a separation to the wife, dismissing the counterclaim, awarding $35 a week alimony and $200 additional counsel fee, and directing payment of an unpaid balance of counsel fee. Judgment reversed, without costs, and a new trial granted. Assuming that the testimony by the respondent as to cruel and inhuman treatment, in the absence of physical violence or threat thereof, would be sufficient to satisfy the requirement that appellant's behavior might reasonably be said to have affected respondent so seriously, physically or mentally, as to impair her

health (cf. *Krugman* v. *Krugman,* 286 App. Div. 1029, and *Booke* v. *Booke,* 1 A D 2d 782), there was no explanation for respondent's failure to produce the doctor who, according to her testimony, could corroborate that testimony (see, e.g., *Averett* v. *Averett,* 189 App. Div. 250, affd. 232 N. Y. 519). Moreover, while the complaint alleged two causes of action based on cruel and inhuman treatment and on abandonment plus elements of a cause of action based on nonsupport, Special Term stated that the action was " one for separation commenced * * * on the ground of cruel and inhuman treatment" and held that the respondent " has established the allegations in her complaint as to cruel and inhuman treatment" and that the appellant "has not established the allegations in the counterclaim". No formal findings were submitted or signed. In view of the circumstances in this case, a new trial will enable the respondent to produce the doctor and enable the prevailing party to procure more adequate findings (see, e.g., *Weinger* v. *Weinger,* 277 App. Div. 1043; *Manzo* v. *Manzo,* 1 A D 2d 678; cf. *Hemphill* v. *Hemphill,* 278 App. Div. 952, and *Mario* v. *De Oteris,* 275 App. Div. 790). Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.