## FOURTH DEPARTMENT, APRIL, 1957

### (April 17, 1957)

█ HUGH McM. RUSS, Respondent, v. LAVINIA F. RUSS, Appellant — Judgment insofar as appealed from modified on the law and facts by striking therefrom the first ordering paragraph thereof and inserting in place thereof the following: "Ordered, Adjudged, and Decreed, that a judgment of separation in favor of the plaintiff and against the defendant is hereby denied, and plaintiff's complaint is hereby dismissed on the merits"; judgment further modified, on the facts and as a matter of discretion, by striking from the fourth ordering paragraph thereof the sum of $200 and inserting in place thereof, pursuant to section 1170-a of the Civil Practice Act, the sum of $500, to take effect as of the date of service of an amended judgment, and in all other respects judgment affirmed, with costs to defendant. Certain findings of fact disapproved and reversed and new findings made. Memorandum: This is a consolidated action for a separation sought by the respondent husband on the ground of abandonment, and by the appellant wife on the ground of cruel and inhuman treatment. We agree with the learned Official Referee that no such conduct on the part of the husband was shown as would entitle appellant to a separation. "That the parties are not mated is no ground for separation. Occasional strife, lack of domestic harmony or even mutual aversion between husband and wife are not enough. There must be proof that the acts complained of fall within the statute." (*Avdoyan* v *Avdoyan.*

265 App. Div. 763, 766; *Straub* v. *Straub,* 208 App. Div. 663.) "The fact that incompatibility exists and that a husband and wife find it impossible to live in harmony, while no doubt furnishing justifiable reasons as between themselves for separating, does not meet the requirements for a judicial separation fixed by the statute and the policy of the State. A spouse may be unfit to live with as such, because of habits, character or temperament, but unless [one of the grounds enumerated in Civ. Prac. Act, § 1161 is established] * * * the court has no power to decree separation". (*Averett* v. *Averett,* 189 App. Div. 250, 252.) We are satisfied that the cruel and inhuman treatment of appellant by respondent was not established. It does not follow, however, that the latter is entitled to a separation on the ground of unjustifiable abandonment. "Cruel and inhuman treatment is not the only 'justification' which may be pleaded in defense to an action for separation predicated upon allegations of abandonment". (*Murphy* v. *Murphy,* 296 N. Y. 168, 171.) We believe that the relations which existed between the parties for a substantial period of time, and respondent's attitude toward his wife, were such that she was justified in leaving him and establishing her own home. In other words, we find that the defendant sustained her defense of justification within the provisions of section 1163 of the Civil Practice Act. However, in our opinion the quantum of proof was such that it did not rise to the necessary level to justify the granting of a judgment of separation based upon cruel and inhuman treatment as set forth in defendant's counterclaim and in our opinion this phase of the case was correctly decided by the Official Referee. Neither party having established the right to a decree, they must be left as they were (*Bohmert* v. *Bohmert,* 241 N. Y. 446; *Thiele* v. *Thiele,* 277 App. Div. 1025). The custody and maintenance of their infant daughter may nevertheless be determined (Civ. Prac. Act, § 1170-a). Under all the circumstances disclosed by this record, we believe that the sum which respondent is directed to contribute towards the infant's support should be increased to $500 per month effective as of the date of service of an amended judgment. All concur. (Appeal by defendant from part of judgment of Ontario Supreme Court, awarding separation to the plaintiff husband and dismissing the wife's counterclaim, and awarding custody of the infant daughter to the wife, and directing payment for the support of the child.) Present — McCurn, P. J., Kimball, Williams and Bastow, JJ.