HANS P. WESEMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77416.   Filed March 31, 1961.

*Louis Ogust, Esq.*, for the petitioner.
*Joseph Wilkes, Esq.*, for the respondent.

TRAIN, *Judge:* Respondent determined deficiencies in the petitioner's income taxes for the calendar years 1954, 1955, and 1956 in the amounts of $2,303.94, $2,550.25, and $2,016.18, respectively.

The only issue for decision is whether petitioner was legally separated from his spouse under a decree of separate maintenance and qualified as the head of a household pursuant to section 1(b) of the Internal Revenue Code of 1954. Petitioner has conceded the adjustment of support payments for the year 1955.

### FINDINGS OF FACT.

Most of the facts are stipulated and are hereby found as stipulated.

Petitioner is an individual residing in Los Altos Hills, California, and formerly residing on West 51st Street, New York City. Petitioner filed his income tax returns, as the head of a household, for the years in question with the director of internal revenue for the Lower Manhattan District, New York City.

Petitioner and his wife, Clara P. Wesemann (hereinafter sometimes referred to as Clara), were married in February 1917 in New York. In the year 1932 petitioner left Clara and has lived separately from her ever since. In 1934, Clara commenced an action for a legal separation from petitioner in the Supreme Court of the State of New York, County of Kings, alleging that petitioner had abandoned her, and his cruel and inhuman treatment of her. Petitioner filed an answer in that proceeding alleging as a defense to the action that he was legally justified in separating himself from his wife by reason of her misconduct, and in his prayer for relief, demanded "judgment dismissing the complaint herein, with costs."

After trial of the case, the Supreme Court of the State of New York, County of Kings, made its findings of fact and conclusions of law, and entered judgment accordingly, on March 27, 1935. The court found that petitioner and Clara were duly married in February 1917, that at the time the action was commenced and on March 27, 1935, Clara was not a bona fide resident of the State of New York, and that petitioner and Clara had two children of their marriage, Hans Karl Wesemann, a son of 16 years of age, and Ingeborg Wesemann, a daughter of 13 years of age. The court further found that from August 5, 1932, and thereafter, petitioner "separated himself from and has lived apart from" Clara, solely by reason of her misconduct, and that because of such continued misconduct, petitioner was justified in so doing.

The court concluded that the petitioner "is entitled to a judgment dismissing the complaint upon the merits." On motion of petitioner's attorney in that case, judgment was entered "that the complaint * * * be and * * * hereby is dismissed on the merits."

Clara appealed from this judgment to the Appellate Division of the Superior Court of the State of New York, Second Department; that appeal was dismissed.

In 1935, after Clara's complaint had been dismissed on the merits, she sued a writ of habeas corpus in the Supreme Court of the State of New York, County of Kings, to obtain custody of the two children. After a hearing was had on the return of writ, the court entered judgment dismissing the writ on the merits and gave to petitioner the sole custody, care, and control of the two children, providing no right of visitation to Clara.

In 1936 Clara again brought suit against petitioner for separation in the Supreme Court of the State of New York, County of New York, alleging that she had offered in good faith to live and cohabit with petitioner as his wife, and that petitioner had refused such offer without any good reason. Petitioner herein served and filed an answer to Clara's complaint. His answer alleged the same acts of misconduct on the part of Clara pleaded by him in the first separation action and further pleaded that the prior judgment of March 27, 1935, barred the instant action by way of res adjudicata. Clara also moved for an order for alimony and counsel fees, which was denied by the court on May 6, 1936. Thereafter Clara proceeded no further with the action.

Petitioner's son, Karl, is an epileptic, physically defective, and unable to live by himself or to support himself. Petitioner has been compelled by reason of such fact to maintain a home for himself and Karl from 1932 to the present time and to provide in the home all the necessities required by reason of Karl's condition.

Section 1163 of the Civil Practice Act of the State of New York provides the following:

Defense in action for separation. The defendant in an action for separation from bed and board may set up, in justification, the misconduct of the plaintiff; and if that defense is established to the satisfaction of the court, the defendant is entitled to judgment.

At the close of each year in question petitioner was married to Clara and was not legally separated from her under a decree of separate maintenance. Petitioner was not the head of a household within the meaning of section 1(b) of the Internal Revenue Code of 1954 during each of the years in question.

## OPINION.

Petitioner contends that the judgment entered by the Supreme Court of the State of New York, County of Kings, on March 27, 1935, upholding petitioner's defense in that case, was in effect a decree of separate maintenance within the meaning of section 1(b) of the In-

ternal Revenue Code of 1954, which sets forth the requirements for a head of a household.[1]

Respondent contends that the dismissal of Clara's action on the merits does not constitute a legal separation in favor of the petitioner here. *Russ* v. *Russ*, 4 N.Y. 2d 743, 171 N.Y.S. 2d 862 (1958), affirming 3 App. Div. 2d 888, 161 N.Y.S. 2d 696 (1957).

We agree with the respondent.

There is no merit to petitioner's argument that simply because the State court found that petitioner was justified in leaving Clara and living separately from her the judgment entered by it was a decree of separation. In *Russ* v. *Russ*, *supra*, where the defendant, unlike the petitioner here, affirmatively counterclaimed for a decree of separation, the court found that the defendant was justified in leaving her spouse, and ordered the plaintiff's complaint dismissed on the merits. In so holding the court said:

> We believe that the relations which existed between the parties for a substantial period of time, and respondent's attitude toward his wife, were such that she was justified in leaving him and establishing her own home. In other words, we find that the defendant sustained her defense of justification within the provisions of Section 1163 of the Civil Practice Act. However, in our opinion the quantum of proof was such that it did not rise to the necessary level to justify the granting of a judgment of separation based upon cruel and inhuman treatment as set forth in defendant's counterclaim * * *. Neither party having established the right to a decree, they must be left as they were. * * * [161 N.Y.S. 2d at 697, 698.]

It is not sufficient, then, for a decree of separation simply to prove a valid defense of justification pursuant to section 1163 of the Civil Practice Act of New York. This is, however, all that petitioner here has proved. Further, he did not plead affirmatively for any further relief in the way of a decree for separation. Accordingly, there is no way of knowing whether the facts of his particular case would have entitled him to such relief, as the court did not pass on that question. Nothing can be inferred from the subsequent separation action brought by Clara or from the pleadings filed in that action, because that action was abandoned.

While petitioner's argument that sections 1161 and 1163 of the Civil Practice Act can be used by a defendant alternatively, to plead

---

[1] SEC. 1. TAX IMPOSED.

  (b) * * *

    \*      \*      \*      \*      \*      \*      \*

    (2) DEFINITION OF HEAD OF HOUSEHOLD.—For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, * * *

    \*      \*      \*      \*      \*      \*      \*

    (3) DETERMINATION OF STATUS.—For purposes of this subsection—

    \*      \*      \*      \*      \*      \*      \*

    (B) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married;

"either * * * the acts of misconduct of the plaintiff as a counterclaim for a separation, or, to plead the acts of misconduct of the plaintiff as an affirmative defense and legal justification for the separation," may be perfectly sound, it does not aid his case here for the reasons already stated.

Petitioner was married as of the close of each of the taxable years in question and does not qualify as the head of a household within the meaning of section 1(b) of the Internal Revenue Code of 1954.

*Decision will be entered for the respondent.*