■ Mae Shepetin, Respondent, v. Moe Shepetin, Appellant.— In an action by a wife for a separation on the ground of nonsupport, in which the husband counterclaimed for like relief on the ground of abandonment, and in which the wife, as a defense to the counterclaim, alleged cruel and inhuman treatment by the husband, in that he failed to have sexual intercourse with her during the time they lived together, the husband appeals from a judgment of the Supreme Court, Kings County, entered December 29, 1959 upon the decision of the court after a nonjury trial which dismissed his counterclaim and granted a separation and alimony in favor of the wife. Judgment modified on the law and on the facts: (1) by striking out the first and third decretal paragraphs granting the wife a separation and alimony; and (2) by substituting therefor a decretal paragraph dismissing her complaint on the merits. As so modified, judgment affirmed, without costs. Findings of fact, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. It was not disputed that defendant husband supported the plaintiff wife while they lived together; that, during such period, the marriage was not consummated; and that plaintiff left the defendant allegedly because of his impotency. The record also indicates that two prior actions for annulment, instituted by the wife against the husband, based upon his alleged impotency, were dismissed; the first for failure of proof and the second upon the ground of *res judicata*. In our opinion, under the pleadings and the proof adduced at the trial, the plaintiff wife in effect was granted a separation on the ground of the husband's impotency. Aside from the fact that a separation may not be obtained on such ground (cf. *Averett* v. *Averett*, 189 App. Div. 250, 252, affd. 232 N. Y. 519; Civ. Prac. Act, § 1161), we find that plaintiff did not establish that the husband's failure to have sexual intercourse was due to his impotency. We also find that in any event the absence of sexual intercourse was not due to such willful or intentional conduct on the husband's part as would warrant affirmative relief to the wife either on the ground of abandonment or cruelty. It is our opinion that, on the record presented, neither party established the right to a decree and that they should both be left as they were (cf. *Russ* v. *Russ*, 3 A D 2d 888, affd. 4 N Y 2d 743). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ Jean Taft, as Administrator of the Estate of Malvine B. Taft, Deceased, et al., Appellants, v. Kew Gardens General Hospital, Respondent.— In a negligence action to recover damages for personal injuries sustained by the decedent (plaintiff administrator's intestate) when she fell in defendant's premises during a visit to a patient, and by her husband to recover damages for loss of services and for medical expenses, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered May 10, 1961 after a jury trial, in favor of defendant, upon the dismissal of the complaint at the end of the plaintiffs' case on the issue of liability. The decedent died prior to the trial, and her cause of action was continued by her husband as administrator. Judgment affirmed, without costs. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.