■ MELVIN SACKS, Appellant-Respondent, v. ALVIA SACKS, Respondent-Appellant.— In an action for separation, in which the defendant wife counterclaimed for separation, the parties cross appeal as follows from a judgment of the Supreme Court, Nassau County, entered August 31, 1965 after a nonjury trial, which (1) dismissed the complaint and counterclaim upon the merits; (2) decreed that exclusive possession of the marital home owned by the parties as tenants by the entirety not be awarded to either party; (3) decreed that exclusive custody of the infant issue not be awarded to either party but that, so long as the parties remain living separate and apart, the infant may reside with defendant; (4) directed plaintiff, pursuant to section 236 of the Domestic Relations Law, to pay to defendant $300 a week for her and the infant's support and maintenance, to be allocated as follows: $250 for defendant and $50 for the infant; and (5) directed plaintiff to pay an additional counsel fee of $1,500 for services rendered to defendant: (a) Plaintiff appeals from so much of the judgment as (1) dismissed the complaint on the merits; (2) awarded $250 a week for defendant's support and maintenance; (3) awarded $1,500 as an additional counsel fee; (4) failed to adjudicate that defendant abandoned plaintiff without just cause; and (5) failed to award plaintiff a separation decree. (b) Defendant appeals from so much of the judgment as (1) dismissed the counterclaim; (2) denied her exclusive possession of the marital home; (3) denied her exclusive custody of the infant; (4) granted her only $300 a week for her and the infant's support and maintenance; and (5) directed the award of $1,500 as an additional counsel fee. Judgment affirmed insofar as appealed from, without costs. The trial court found as follows: Defendant left the marital domicile without justification and without plaintiff's consent. She did not sustain her burden of proof in her claim as to cruel and inhuman conduct on his part before she left the marital domicile. However, his conduct and relations with another woman, after defendant had left the marital domicile, while not sufficient to justify an award of a separation in her favor, were such as to bar a judgment of separation in his favor. In our opinion, upon the findings herein, which this court would not be justified in reversing (*Boyd* v. *Boyd*, 252 N. Y. 422, 429), the trial court did not commit error in dismissing the complaint and the counterclaim (cf. *Murphy* v. *Murphy*, 296 N. Y. 168, 171–172; *Vernes* v. *Vernes*, 232 App. Div. 707; *Nilsen* v. *Nilsen*, 16 Misc 2d 396; *Axelrod* v. *Axelrod*, 2 Misc 2d 79, 85; *Russ* v. *Russ*, 3 A D 2d 888, affd. 4 N Y 2d 743). Insofar as the award of alimony for defendant's support is involved, it must be noted that section 236 of the Domestic Relations Law provides that, in a separation action, " the court may direct the husband to provide suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. * * * Such direction may be made * * * notwithstanding that the court refuses to grant the relief requested by the wife (1) * * * (2) by reason of the misconduct of the wife, unless such misconduct would itself constitute grounds for separation or divorce, or (3) by reason of a failure of

proof of the grounds of the wife's action or counterclaim." Therefore, as a matter of law, the court is barred from directing a husband to provide suitably for the support of a wife who was guilty of misconduct only if "such misconduct would itself constitute grounds for separation or divorce". In all other cases the court must consider the factual situations and determine whether justice requires that an award be made, having regard to the circumstances of each case and of the respective parties. It is obvious that, when a wife's cause of action or counterclaim for a separation is dismissed for failure of proof, i.e., where both parties were free from misconduct, the court may direct the husband to provide suitably for the support of the wife as, in the court's discretion, justice requires (*Brownstein* v. *Brownstein*, 25 A D 2d 205; *Insetta* v. *Insetta*, 20 A D 2d 544; *Eylman* v. *Eylman*, 23 A D 2d 495; cf. *Matter of Steinberg* v. *Steinberg*, 25 A D 2d 432, *St. Germain* v. *St. Germain*, 23 A D 2d 763, affd. 16 N Y 2d 764). In our opinion, the trial court had the power to direct plaintiff to provide suitably for defendant's support as, in the court's discretion, justice required, because defendant's misconduct did not itself constitute grounds for separation or divorce since plaintiff's misconduct, after defendant had left the marital home, was such as to bar his claim for separation. Furthermore, as a wife may obtain support from her husband when both are free of misconduct, she may also obtain support when both are guilty of misconduct which bars both from obtaining a separation (cf. *Brownstein* v. *Brownstein, supra*; *Cipriani* v. *Cipriani*, 45 Misc 2d 500; Siegel's Practice Commentary, McKinney's Cons. Laws of N. Y., Book 14, Domestic Relations Law, § 236, p. 137). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.