John P. Quinn v. Commissioner.
Quinn v. Commissioner
Docket No. 1484-69SC.
United States Tax Court
T.C. Memo 1970-8; 1970 Tax Ct. Memo LEXIS 349; 29 T.C.M. (CCH) 16; T.C.M. (RIA) 70008; January 14, 1970, Filed. John P. Quinn, pro se, 45 Pines Lane, Chappaqua, N. Y., MarwinA. Batt, for the respondent. FORRESTER
Memorandum Opinion FORRESTER, Judge: Respondent has determined a deficiency of $227.12 in petitioner's 1966 income tax solely upon the ground that petitioner did not qualify as the head of a household under section 1(b)(2) of the Internal Revenue Code of 1954, since "[he was] not legally separated from [his] wife under a decree of divorce or of separate maintenance." All of the facts are stipulated and they are so found. The stipulation and attached exhibits *350 are incorporated herein by this reference. 17 When the petition herein was filed petitioner's legal residence was Chappaqua, New York. Petitioner's individual income tax return for the year in issue was prepared upon the basis of "Unmarried Head of Household (separated)" with the district director, New York, New York. Petitioner and his wife, Barbara, entered into a written separation agreement on September 23, 1964, but neither of them has ever obtained a decree of divorce or of separate maintenance from any court. During the year in issue petitioner provided over one-half of the support of his and Barbara's two minor children, both of whom resided with him during such year. Petitioner admits that under the plain language of section 1(b)(2) and (3)(B), Internal Revenue Code of 1954[1] he is not entitled to head of household rates but argues that this is because of an oversight on the part of Congress which this Court should now correct. *351 Petitioner points to the language of the report of the Committee on Finance, U.S. Senate, 83d Cong., 2d Sess. (Rept. No. 1622) which provides in pertinent part: VI. SPECIAL INCLUSIONS IN GROSS INCOME A. Alimony and Separate Maintenance Payments (sec. 71) (1) House changes accepted by committee Present law taxes to a recipient and allows the payor a deduction for periodic alimony or separate maintenance payments if the payments are a legal obligation imposed by a court decree or by a written agreement incident to a decree. Attention has been called to the fact that the present treatment discriminates against husbands and wives who have separated although not under a court decree. For this reason both the House bill and your committee's bill extend the tax treatment described above to periodic payments made by a husband to his wife under a written separation agreement even though they are not separated under a court decree if they are living apart and have not filed a joint return for the taxable year. and argues that this clearly discloses the intent of Congress which it, through oversight, failed to fully implement by making requisite changes to section 1(b), supra. *352 Petitioner is asking us to legislate and this we cannot do. Congress considered and changed the provisions of section 71 regarding alimony and separate maintenance payments but it did not change the statutory provisions regarding entitlement to use of head of household rates. Cf. Hans P. Wesemann 35 T.C. 1164, affirmed per curiam 298 F. 2d 527 (C.A. 2, 1962). Decision will be entered for the respondent. Footnotes
1. SEC. 1. TAX IMPOSED. * * * (b) Rates of Tax on Heads of Households - (2) Definition of head of household. - For purposes of this subtitle, an individual shall be considered a head of household if, and only if, such individual is not married at the close of his taxable year, * * * * * * (3) Determination of status. - For purposes of this subsection - * * * (B) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married;↩