■ NICHOLAS TAGARELLI, Respondent, v DOLORES TAGARELLI, Appellant. —In an action in which the plaintiff husband was awarded a divorce by a judgment of the Supreme Court, Nassau County, dated September 15, 1971, defendant appeals, as limited by her brief, from so much of an order of the same court, dated August 23, 1974, as granted plaintiff's motion to annul and delete the alimony awarded defendant in the aforesaid judgment. Order reversed insofar as appealed from, on the law, without costs, and plaintiff's motion denied. On September 15, 1971 plaintiff was awarded a judgment of divorce against defendant on the grounds of cruel and inhuman treatment. Defendant, however, was awarded alimony, custody of the infant child and other related relief. No appeal from the judgment was taken by either party. Over two and one-half years later plaintiff moved to modify the judgment by annulling and deleting the provision for alimony, claiming that the trial court had been divested of the discretion to make such award by reason of the wife's misconduct (Domestic Relations Law, § 236; *Math v Math,* 39 AD2d 583; *Sacks v Sacks,* 26 AD2d 575, mot for lv to app den 18 NY2d 583). Defendant opposed the motion on the ground that the award of

alimony was the law of the case. Special Term granted plaintiff's motion, citing the afore-mentioned authorities. This was error. In our view the doctrine of the law of the case is clearly applicable here and Special Term should not have granted plaintiff's motion. At the time the judgment was granted the law was clear that an award of alimony should not be made to a wife who was found guilty of misconduct which would constitute grounds for divorce (see Domestic Relations Law, § 236, as added by L 1962, ch 313, § 10; *Sacks v Sacks, supra,* decided in 1966). Nevertheless, as noted previously, no appeal was ever taken; nor was any timely motion to reargue made. The doctrine of the law of the case precluded Special Term's consideration of plaintiff's motion. There is no claim or proof of fraud or lack of jurisdiction of the court which rendered the divorce decree. In our opinion, the award of alimony can only be altered upon showing a substantial change of circumstances, which was not done in the instant case. Cohalan, Brennan and Munder, JJ., concur; Rabin, Acting P. J., and Latham, J., dissent and vote to affirm the order insofar as appealed from.