■ WALTER K. NEUBAUER, Respondent, v AUDREY H. NEUBAUER, Appellant.—Order unanimously modified in accordance with memorandum, and, as modified, affirmed, with costs to appellant. Memorandum: The husband, respondent, and his former wife, appellant, were granted a divorce on January 12, 1973 after 26 years of marriage. Three of the four children of the marriage are emancipated and the youngest, a teenager, resides with respondent. The couple own a house in Manlius, New York, which the appellant presently occupies. She appeals from an order at Special Term granted November 26, 1974 which denied her claim for arrears in temporary alimony, denied her possession of the marital home, fixed permanent alimony in the amount of $1,500 per month and awarded her counsel fees of $2,200. We believe that the order should be modified. The 51-year-old wife has no assets or income. She has no special education or skill with which she could earn a living. She has also suffered from a long-standing problem of depression which has required frequent hospitalization. Her husband's annual income over the past years (through 1973) ranged from $187,000 to $90,817. There is no claim made that his earnings have decreased since the date of the order appealed from and, in fact, the respondent testified at the hearing held in November, 1972 that his income would remain constant at approximately $90,000 per year for the next five years. This annual salary in the lowest range of his earnings resulted from the partnership, of which he was a member, becoming a corporation, in which he is a principal, in 1971. He admitted, however, that the excess earnings which he would have received are retained by the corporation and "go to increase the value of the stock that I hold in the organization." His net worth in 1974 was approximately $500,000. The award of alimony is inadequate, considering the length of the marriage, the affluent living mode enjoyed prior to the divorce and the respective circumstances of the parties. It should be increased to the sum of $2,000 per month and the respondent husband should also pay all medical and hospital costs which may be incurred by the appellant. Further, in light of the husband's earnings, his net worth and the reasonable value of the services, counsel fees awarded to appellant in the amount of $2,200 should be increased to $4,000. With respect to 1973 arrearages, we compute them at $1,153.79 based upon the amounts conceded by respondent to be due appellant. He claims that he is entitled to a credit for counsel fees that he incurred in an attempt to have the appellant confined in a mental institution in the State of Connecticut. In the circumstances this amount should not be charged to appellant and she should be paid the arrearages of $1,153.79. Finally, the wife presently has possession of the marital home upon which she is paying $403 per month for mortgage amortization and

real estate taxes. We believe that she should be awarded its exclusive possession and that respondent should pay the mortgage amortization, real estate taxes, repairs and carrying charges (Domestic Relations Law, § 236). (Appeal from order of Onondaga Supreme Court—alimony.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.