■ JOHN K. LIND, Respondent-Appellant, v VIOLET LIND, Appellant-Respondent. — Judgment, Supreme Court, New York County (Sutton, J.), entered January 6, 1981 which granted plaintiff husband a separation; directed him to pay defendant wife alimony in the amount of $1,500 per month, tax free, from which she was to pay all maintenance, mortgage and insurance expenses on the marital home, exclusive possession of which was granted to defendant; and ordered plaintiff to pay defendant's counsel fees of $7,000 plus disbursements of $1,054, modified, on the law and the facts, the complaint dismissed, and judgment granted in defendant's support proceeding directing that plaintiff pay defendant for her support and maintenance the sum of $3,500 per month (not tax free), defendant to pay current interest on the mortgage together with maintenance and insurance expenses on the marital home, amortization to be paid by each of the parties in accordance with their respective interest in the property, and plaintiff shall pay an additional counsel fee of $5,000 to the attorney for the defendant, and otherwise affirmed, without costs. Settle order including an appropriate provision for payment of amortization as directed. This proceeding is a consolidation of one initially brought by defendant for marital support (see Family Ct Act, § 412), and one subsequently brought by plaintiff for divorce or separation. Defendant was awarded *pendente lite* support of $200 per week four years ago. The parties were married in 1966 and have two children who have reached their majority. They are now attending college and law school. All expenses of their education are borne by plaintiff. The complaint for divorce or separation was grounded on allegations of cruel and inhuman treatment, constructive abandonment for refusal to cohabit since 1973, and actual abandonment for keeping plaintiff out of the marital abode by changing the locks. The record at trial refutes the allegations of constructive abandonment in that testimony and documentary evidence clearly shows that the parties did cohabit at least up until 1977. The actual abandonment theory is also refuted by evidence that the only lock changed on the house was on the remote-controlled garage door, and that plaintiff had access to the house even after this lock was changed. Although there were no findings by the Trial Judge, it appears that the ground upon which Special Term granted separation to plaintiff was cruel and inhuman treatment. Courts are loathe to dissolve the bonds of matrimony for slight cause. Strained and even antagonistic relations between the parties do not alone justify a judgment of separation (see *Averett v Averett,* 189 App Div 250, affd 232 NY 519). Mere allegations of cruel and inhuman treatment, without establishing a pattern of either physical violence or conditions rendering it unsafe for cohabitation, such as by presenting a threat to the health, safety or mental condition of the spouse, are insufficient

(*Rios v Rios*, 34 AD2d 325, affd 29 NY2d 840). As the Court of Appeals recognized in *Hessen v Hessen* (33 NY2d 406, 411-412), even a long and happy marital relationship may suffer the deleterious effects of the inevitable aging process on physical and mental disposition of the spouses, but that alone still would not constitute sufficient cruelty or inhumanity as to warrant dissolution of the marriage. Here, plaintiff has attempted to show a pattern of cruel and inhuman treatment, based solely on his testimony. His only supporting witness did not address this aspect of the case. On the other hand, defendant categorically denied each and every one of the allegations of purported cruel and inhuman treatment. The breakdown of relations between these parties appears to have stemmed from an extramarital relationship plaintiff began to have in 1977 with one of his patients. The seemingly trivial allegations of physical abuse, evidenced by such isolated events as pouring a can of soda over his head and striking him on the head with an envelope do not rise to the dignity of a cause of action for separation or divorce grounded on cruel and inhuman treatment. Nor do plaintiff's strong accusations that defendant harassed him by telephone and in person at his office, threatening to destroy his practice. He even asserted that defendant telephoned patients at home to harass them. These incidents of harassment all allegedly took place in the presence (or within earshot) of witnesses, patients or working staff employed by plaintiff. Nevertheless, not a single witness was called by plaintiff to corroborate any of these allegations. The record is barren of any finding that such actions took place. A decree of separation should not be granted where the entire proof of cruel and inhuman treatment is based solely upon the testimony of the plaintiff and is categorically denied by the defendant (*Averett v Averett, supra;* 1 Foster and Freed, Law and the Family [1972 ed], § 13:44). Plaintiff's allegations "may well be the sequela of a morbid marital situation for which plaintiff is largely responsible." Still, in the absence of clear evidence of cruel and inhuman treatment of plaintiff by defendant, no judgment of separation is warranted (*People ex rel. Roosevelt v Roosevelt,* 13 AD2d 334, 337, affd *sub nom. People ex rel. Anonymous No. 1 for 1962 v Anonymous,* 11 NY2d 873). Mere incompatibility is not enough (*Russ v Russ,* 3 AD2d 888, affd 4 NY2d 743; see *Mante v Mante,* 34 AD2d 134, 137). Bald allegations of cruel and inhuman treatment must be corroborated (*Schaeffer v Schaeffer,* 1 AD2d 904). Plaintiff's income, from his dental practice and teaching at Columbia University School of Dentistry, exceeds $114,000 per year. Defendant has neither assets nor income of her own. Now 51 years old, the last steady employment she had was as an airline stewardess prior to their marriage. During the course of the marriage she once worked for a lending institution for a period of three months. Her education consists of two years of college prior to the marriage, and a course in typing since then. These are not the kinds of skills which can be viewed as rendering this defendant capable of competing in today's job market to supplement her spousal support (*Kay v Kay,* 37 NY2d 632, 637-638), especially when viewed in light of the disparity between the amount of support plaintiff is capable of providing to maintain the marital standard of living, and the amount actually awarded. Defendant testified that her monthly budgeted needs, exclusive of tax obligations, amounted to $2,600. Although a statement detailing this budget was submitted to the court at Special Term, it has not been made part of the appellate record. However, sufficient appears to demonstrate that Special Term's award of $1,500 tax free, out of which defendant was expected to pay maintenance and mortgage charges on the marital home, is obviously inadequate (*Neubauer v Neubauer,* 57 AD2d 732, affd 44 NY2d 997). "[T]he marital standard of living, assuming the husband is financially able to maintain it, provides the standard for

permanent alimony payments." (*Kay v Kay*, 37 NY2d, *supra*, at p 635.) The husband's earnings are the best test where the wife has no earnings and little likelihood of significant earnings in the foreseeable future (*Kay v Kay, supra; Neubauer v Neubauer, supra*). Although no two matrimonial cases are alike, these two cases, on not dissimilar facts, warrant the award we now make. The husband's current earnings approximate $125,000. The wife has none. In our view Special Term's award of $10,500 counsel fees to the wife as "fair and reasonable" was inadequate. An additional $5,000 is warranted. Concur — Silverman, Fein and Asch, JJ.

Kupferman, J. P., dissents in part and concurs in part in a memorandum as follows: I dissent only with respect to the denial of a separation. The memorandum for the list fairly states the facts and leads to my conclusion. Settle order.