■ ARTHUR G. SOLDINGER, Respondent, v ELFRIEDE SOL-DINGER, Appellant. [799 NYS2d 815]—

In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Nassau County (Spinola, J.), entered January 13, 2005, which, after a jury trial, and upon the denial of her motion made at the close of the plaintiff's case to dismiss the action, granted the plaintiff a divorce on the ground of abandonment for a period of one or more years.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff commenced this action for a divorce and ancillary relief pursuant to Domestic Relations Law § 170 (2) on the ground that the defendant had abandoned him for more than one year by locking him out of the marital residence in 1986 without justification and preventing him from returning ever since. Abandonment by lock-out occurs when one spouse changes the lock on the entrance door of the marital abode, or the place where he or she is living, thus effectively excluding the other spouse, unless the act is justified (*see Schine v Schine,* 31 NY2d 113, 119 [1972]). The plaintiff's testimony failed to establish a prima facie case of abandonment by lock-out since, among other things, he admitted that he was not excluded from the marital residence, he retained the keys to the marital residence, and the defendant never changed the locks (*see Lind v Lind,* 89 AD2d 518 [1982], *affd* 58 NY2d 965 [1983]). Thus, the Supreme Court should have granted the defendant's motion made at the close of the plaintiff's case to dismiss the action (*cf. Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202 [1976]). Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.