HAZEL F. BITTSON, Respondent, v. ANTHONY J. BITTSON, Appellant.— In this action for separation, this court, on June 21, 1954 (283 App. Div. 1088), modified an order which denied defendant's motion to vacate an order of sequestration or, in the alternative, to permit him to substitute security in place of said order of sequestration, by providing that the motion be granted to the extent of permitting the substitution of such security as may be specified by the court after a hearing to fix the same. In pursuance of said order of modification, a hearing was held and an order was made on September 8, 1954. The present appeal is by defendant from so much of the last-mentioned order as provides that the security which defendant may give in substitution of the order of sequestration be an undertaking by a corporate surety in the amount of $50,000 to insure his compliance with all orders of the court directing payment of moneys for the support of plaintiff and the education and maintenance of the children of the parties, and as requires that such undertaking be given within thirty days from the entry of the order. Order modified by substituting in place of the portions thereof appealed from provisions to the effect that the security may consist of the real property described as No. 2 Highland Avenue, Great Neck, Long Island, together with the personal property in the dwelling thereon, plus defendant's participating interest in the mortgage held by the Greenwich Savings Bank, provided that the said participating interest is freed from any right, title or interest therein of any party other than defendant. Said order is further modified by adding thereto a provision to the effect that the receivership shall continue, to the end that the receiver will serve as custodian of the security. As so modified, order affirmed, without costs. In our opinion, the security provided for herein is sufficient and it was an improvident exercise of discretion to provide that the security be a corporate undertaking in the amount of $50,000. In view of the fact that the security is to be in the form of real property and a document representing a financial investment, it has become practical that the security be held by a disinterested party. Wenzel, Acting P. J., MacCrate, Beldock and Murphy, JJ., concur. Settle order on five days' notice.

■

HAZEL F. BITTSON, Respondent-Appellant, v. ANTHONY J. BITTSON, Appellant-Respondent.— Appeal by defendant from a judgment granting plaintiff a separation, awarding alimony of $150 a week and $3,500 counsel fees and other

relief. Appeal by the plaintiff from so much of the judgment as awards counsel fees of $3,500 only. Judgment unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ. [See *post,* p. 1173.]