DOROTHY B. GLADSTONE, Plaintiff, *v.* MATTHEW C. GLADSTONE, Defendant.

Supreme Court, Special Term, Nassau County, April 13, 1962.

*Gold, Lazar & Cooper* for plaintiff. *Goetz & Goldstein* for defendant.

WILLIAM R. BRENNAN, JR., J. In this action the wife seeks a separation on the grounds of cruelty, inadequacy of support and conduct on the part of the defendant rendering it unsafe and improper for her to continue to cohabit with him. The defendant counterclaims upon the grounds of abandonment and cruel and inhuman treatment. Both parties having failed to sustain their respective burdens of proof, the complaint and counterclaims are dismissed without costs.

The parties were married on March 29, 1944. At the time the plaintiff was 21 years of age, but this was her second venture in matrimony. The defendant, who was 17 years older than the plaintiff, was marrying for the third time. There are two children of the marriage, Andrew, 16 years of age, and Lynn, who is 13.

Their previous marital experience did not stand the parties in good stead. According to the plaintiff, bickering and her husband's criticism of her appearance and housekeeping abilities became constant factors in their lives, but obviously did not prevent the increase in the size of the family unit nor the progressive improvement in living standards. From apartments in Brooklyn, Queens and Great Neck, the parties ultimately moved into the residence now owned by them as tenants by the entirety in Kings Point, an acquisition made in 1954.

The defendant concedes that he struck plaintiff in January, 1957, but this was an isolated instance and the court finds that on the particular occasion in question the defendant was resisting a physical assault upon himself by the plaintiff (although it would appear that his efforts in self-defense exceeded the necessities of the occasion). The plaintiff testifies to other acts of physical contact and to threats of violence which occurred in the period of time that elapsed after she consulted her present attorneys and before she left the marital abode and verified her complaint (both of which events occurred on the same date). The circumstances cast substantial doubt upon her uncorroborated declarations in this respect.

The plaintiff also placed considerable reliance upon the defendant's language and course of conduct during a period of approximately one year before the plaintiff moved to other quarters as constituting cruelty. During this interval she slept with her daughter in her daughter's room and relationships between the parties were strained. It can hardly be said that the name calling and bickering that seemed to be intensified during this period constituted cruel and inhuman treatment under the circumstances. Insofar as the alleged inadequacy of support is concerned, the fact is that the defendant maintained

the marital home in an exclusive residential section and that his wife and children did not lack the necessities of life while living together.

Language which aptly reflects a fair image of the situation that existed between the parties may be found in the recent case of *Traylor* v. *Traylor* (3 A D 2d 727) where the court said: "The only proof of cruel and inhuman treatment was name calling, bickering, threats, and refusal to cohabit. There was no proof that respondent was made ill as a result thereof. Such conduct does not constitute cruel and inhuman treatment." Again, in *Hamer* v. *Hamer* (15 A D 2d 497) the same court said: "The proof shows that the relations between the parties were trying and unpleasant and at times acrimonious. The proof fails to establish, however, that the husband's conduct constituted cruel and inhuman treatment of the wife or that his financial support was inadequate in view of their accustomed manner and standard of living and in view of his income." Accordingly, the complaint is dismissed for failure of proof.

The defendant's counterclaims likewise fail for want of proof. He complains that plaintiff attached conditions to their conjugal relationship which, incidentally, he accepted and that she subsequently left the marital domicile. These facts do not of themselves establish an abandonment. As has already been noted in discussing the complaint, the court is satisfied that cruel and inhuman treatment of the plaintiff by the defendant was not established. It does not follow, however, that the defendant is, therefore, entitled to a separation on the ground of unjustifiable abandonment. The relations which existed between the parties for a substantial period of time and the defendant's attitude towards his wife were such that she was justified in leaving and establishing her own home. The legal situation is that the plaintiff has established sufficient defense to the claim of abandonment, but that the quantum of proof was such that it did not rise to the necessary level to justify a granting of a judgment of separation in her favor predicated upon cruel and inhuman treatment. (*Russ* v. *Russ*, 3 A D 2d 888, affd. 4 N Y 2d 743.) Neither party having established the right to a decree, they are left as they were when the litigation was instituted. (*Bohmert* v. *Bohmert*, 241 N. Y. 446, 454; *Thiele* v. *Thiele*, 277 App. Div. 1025.)

Under the provisions of section 1170-a of the Civil Practice Act, where the court refuses to grant a judgment of separation, it may nevertheless render judgment making provision for the custody, care, education and maintenance of children of the marriage. Pursuant thereto, the custody of the children herein

is granted to the plaintiff with rights of visitation to the defendant to be agreed upon by counsel and inserted in the judgment to be settled hereon. If the counsel cannot agree, the court will make such provision.

The defendant's differences with his wife do not diminish his obligations to his children. Payments for their support are hereby fixed at $80 per week to commence as of Monday, April 16, 1962. The defendant has urged his limited current income as reflected in his current income tax returns as the measure of his liability. However, it is well settled that in determining ability to pay the court is not controlled by net income and may take into account the manner in which the parties have lived and the defendant's financial capacity to furnish support, one factor of which is a consideration of his capital. Both have been taken into account in fixing the amount of support for his children. (Cf. *Patton* v. *Patton*, 5 A D 2d 860; *Rosenzweig* v. *Rosenzweig*, 145 N. Y. S. 2d 810, affd. 3 A D 2d 732; *Bittson* v. *Bittson*, 138 N. Y. S. 2d 294, affd. 285 App. Div. 1061.)

Application has been made to the court for a further counsel fee for plaintiff's attorney pursuant to leave granted by order fixing temporary alimony. An examination of the filed papers indicates that counsel received $250 from the plaintiff and $500 by court order. The application for a further allowance is denied.